George BROWN, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. SC 83406.

Supreme Court of Missouri,
En Banc.

Feb. 13, 2002.

Patrick W. Peters, Kansas City, George Brown, Jr., Jefferson City, pro se, for appellant.

Jeremiah W. (Jay) Nixon, Atty. General, Adriane D. Crouse, Assistant Attorney General, Jefferson City, for respondent.

LAURA DENVIR STITH, Judge.

Mr. Brown appeals the motion court's denial of his *pro se* motion under Rule 29.07(d) to withdraw his plea of guilty to forgery. He alleges his plea was involuntary because it was induced by promises that he would be referred to an institutional treatment program, that the court would retain authority for 120 days to sentence him to probation under section 559.115.2, RSMo Supp.1996, and that he would be released should he successfully complete the program. Instead, 87 days after his remand to the custody of the Missouri Department of Corrections ("DOC") he was denied probation without being sent to a treatment program. The State asserts that, while his claim is nominally brought

under Rule 29.07(d), it states a ground for relief cognizable under Rule 24.035 and so should be barred by the 90–day time limit set out in Rule 24.035(b).

This Court reaffirms that Rule 29.07(d) cannot be used to circumvent the time limitations set out in Rule 24.035(b) as to claims enumerated in that rule. For the reasons set out below, this Court also holds that habeas corpus, rather than Rule 29.07(d), now provides the proper avenue for relief in those limited circumstances in which the petitioner asserts a claim that is of the type enumerated in Rule 24.035, but that is time-barred under that rule, if the petitioner can meet the "cause and prejudice" standard set out in *State ex rel. Nixon v. Jaynes,* 2001 Mo. LEXIS 98, 63 S.W.3d 210 (Mo. banc 2001).

Here, Mr. Brown mistakenly sought relief by motion under Rule 29.07(d) and appealed denial of that motion. He has not requested habeas corpus relief, and the allegations he raises about what occurred during his guilty plea would not be sufficient to meet the "cause and prejudice" standard even were this motion treated as a petition for habeas corpus. While he has alleged that the cause of his failure to timely raise this claim was a matter extraneous to the defense, he has failed to sufficiently show that his guilty plea was made in reliance on the judge's agreement to send him to an institutional treatment program. Affirmed.

## I. FACTUAL AND PROCEDURAL HISTORY

On April 29, 1999, Mr. Brown appeared with counsel at a guilty plea hearing. He offered a six-page document, signed by him on each page, entitled "Petition to Enter a Plea of Guilty." It stated in typed print that "no officer or agent of any branch of government . . . has promised or suggested that I will receive a particular sentence, or probation, or any other form of leniency if I plead GUILTY," and that "No one has told or promised me I would received (sic) probation or parole and I understand that I do not have a right to receive probation or parole and whether or not I receive probation or parole is solely in the Court's discretion." In addition, Mr. Brown added by hand, "The Prosecuting Attorney promised that if I plead GUILTY he will do the following: Recommend 3 yrs DOC on count I, dismiss counts II and III, concurrent to my present DOC sentence." The petition did not mention referral to a treatment program.

At the hearing, the court orally inquired as to the plea agreement. Mr. Brown agreed that the plea was for "three years concurrent on Count I, dismissing Counts II and III, Count I to run concurrent to the Defendant's present sentence." He further denied that any promises or threats other than the plea bargain had induced him to enter this plea, admitted the elements of his crime and said he wanted to plead guilty.

After reviewing Mr. Brown's legal rights and the range of sentence, the court inquired whether there was any legal reason not to enter sentence and judgment. At this point Mr. Brown's attorney requested the court to consider placing Mr. Brown in an institutional treatment program and retaining the authority for 120 days to grant probation under section 559.115, which states in pertinent part:

> A circuit court only upon its own motion and not that of the state or the defendant shall have the power to grant probation to a defendant anytime up to one hundred twenty days after such defendant has been delivered to the custody of the department of corrections but not thereafter. The court may request information and a recommendation from the department concerning the defen-

dant and such defendant's behavior during the period of incarceration.

Sec. 559.115.2. The judge agreed to this request. He sentenced Mr. Brown to the DOC for three years, the sentence to run concurrent with his present sentence, but retained power to grant probation under this section for 120 days and referred Mr. Brown to an institutional treatment program, a procedure often referred to as "120–day callback."

Mr. Brown was delivered to the custody of the DOC on April 30, 1999. His probation was denied 87 days later, on July 26, 1999, without placement in a treatment program. Nothing in the record indicates why he was not placed in a program, when he learned that he would not be so placed or when he learned that he was denied probation. The record does reveal that some eleven months later, in June 2000, Mr. Brown filed a collateral civil action under Rule 24.035 seeking to vacate, set aside or correct the judgment or sentence. The Rule 24.035 motion was denied as untimely because it was filed outside of Rule 24.035's 90–day time limit. In the same action, Mr. Brown then filed a "Motion to Correct Manifest Injustice" under Rule 29.07(d), requesting that he be permitted to withdraw his plea of guilty. He argued the plea was involuntary because it was induced by a promise that he would be placed in a treatment program and, if successful, released on probation, yet neither occurred. This motion was denied. After opinion by the Court of Appeals, Southern District, this Court granted the State's application for transfer. Mo. Const. art. V, sec. 10.

## II. HISTORY OF RULE 29.07(d) AND ITS RELATIONSHIP TO RULE 27.26

Mr. Brown claims he is entitled to withdraw his guilty plea under the second clause of Rule 29.07(d), which states:

(d) **Withdrawal of Plea of Guilty.** A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; *but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.*

Rule 29.07(d) (emphasis added). The State argues that his motion is time-barred because the claim raised is one that is cognizable under Rule 24.035. Mr. Brown argues that the time limitation set out in Rule 24.035(b) does not apply to his claim. To understand the parties' arguments, it is helpful to know the history of Rule 29.07 and its relationship to Rule 24.035 and to the latter's predecessor, Rule 27.26.

Rule 29.07(d) became effective January 1, 1980, and is identical in form and content to former Rule 27.25, which it replaced. *See State v. Cowan,* 615 S.W.2d 510, 511 n. 2 (Mo.App. E.D.1981). While neither rule sets out the procedures to be followed in seeking to withdraw a guilty plea, at least since 1967 this Court has recognized that motions under both Rules 27.25 and 27.26 are collateral civil claims and that the procedures set forth in Rule 27.26 for setting aside a sentence following a guilty plea should also govern a parallel motion to withdraw a plea under Rule 27.25, stating:

An application made pursuant to Rule 27.25 after the imposition of sentence to withdraw a plea of guilty is necessarily an attack on the validity of that sentence within the meaning of Rule 27.26, and the procedure to be followed is set forth in that rule. . . .

*State v. Mountjoy,* 420 S.W.2d 316, 323 (Mo.1967).

*State v. Davis,* 438 S.W.2d 232, 234 (Mo. 1969), similarly said, "Motions under S.Ct.

Rules 27.25 and 27.26 by a prisoner to withdraw a plea of guilty and set aside the judgment of conviction and sentence are in the nature of civil actions and the procedure before the trial court and on appeal is governed by the rules of civil procedure insofar as they are applicable. S.Ct. Rules 27.25 and 27.26(a) and (j) ...". *See also Drew v. State,* 436 S.W.2d 727, 729 (Mo. 1969) (an "application, made after sentence, to withdraw a plea of guilty, is an attack on the validity of that sentence and will be treated as a proceeding to vacate under Rule 27.26"); *Bradley v. State,* 564 S.W.2d 940, 942 (Mo.App.1978) (accord); *State ex rel. Reece v. Campbell,* 551 S.W.2d 292, 296 (Mo.App.1977) (Rule 27.26 proceedings are collateral civil actions and governed by civil rules at trial and appellate levels so far as they are applicable).[1]

When the content of Rule 27.25 was moved to Rule 29.07(d) in 1980, motions under it continued to be treated procedurally as were motions filed under Rule 27.26. *See State v. Rahberger,* 747 S.W.2d 724, 724–25 (Mo.App. W.D.1988) (quoting *Mountjoy* for the principle that the procedures set forth in Rule 27.26 necessarily apply to a Rule 29.07(d) motion, and would govern appeals under both rules). *See also, State v. Mandel,* 814 S.W.2d 16, 18 (Mo.App. E.D.1991) (applying section 512.020 to appeal of denial of motion to withdraw plea of guilty under Rule 29.07(d)); *Cowan,* 615 S.W.2d at 511 n. 2 (accord) *Samuels v. State,* 770 S.W.2d 717, 722–723 (Mo.App. S.D.1989) (accord).

### III. Effect of Adoption of Rules 29.15 and 24.035

The application of Rule 29.07(d) to motions to withdraw a guilty plea after sen-

tence became more complex in 1988, when Rule 27.26 was replaced by Rules 29.15 and 24.035. Now, Rule 29.15 governs the bringing of a motion to set aside a conviction and sentence following a trial, while Rule 24.035 governs the bringing of a motion to set aside a conviction and sentence following a guilty plea. Although this Court has not had occasion to address how to set aside an arguably time-barred claim following a guilty plea since the adoption of Rule 24.035, it has addressed this issue in the context of a motion seeking to set aside a conviction following trial that was otherwise time-barred under Rule 29.15. This Court's approach to the latter issue is instructive.

### A. Relationship of Rule 29.15 and Habeas Corpus.

Rule 29.15 "provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated." Rule 29.15(a). A motion under Rule 29.15 to set aside a judgment or sentence after trial must be brought within 90 days of the issuance of the appellate court mandate affirming the judgment or sentence or, if no appeal is taken, within 90 days after the movant is delivered to the custody of the department of corrections. Rule 29.15(b). "Failure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 29.15." *Id.*

Applying this language, this Court recently reaffirmed that Rule 29.15 is:

---

1. Section 512.020, which then as now provided the general provisions for appeal in civil cases, states, "[a]ny party ... aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited

by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction...."

... designed to provide a 'single, unitary, post-conviction remedy, to be used in place of other remedies,' including the writ of *habeas corpus. Id.*

If the defendant fails to raise such claims in post-conviction proceedings, the defendant waives them and cannot raise them in a subsequent petition for *habeas corpus. Smith v. State, 887 S.W.2d 601* (Mo. banc 1994). A defendant who fails to raise such claims in post-conviction proceedings is said to have procedurally defaulted on those claims.

*Jaynes,* 2001 Mo. LEXIS 98 at 7–8, 63 S.W.3d 210, 214 (emphasis in original).

This Court has also recognized, however, that a failure to meet the time limitations set out in Rule 29.15 does not preclude all possibility of relief. Relief by means of a petition for habeas corpus is available where the petitioner can show that the sentencing court acted in excess of its jurisdiction "or in circumstances so rare and exceptional that a manifest injustice results." *State ex rel. Simmons v. White,* 866 S.W.2d 443, 446 (Mo. banc 1993). *Simmons* also suggested that one such circumstance would be where the petitioner asserted claims that were within those enumerated in Rule 29.15 but that were time-barred, if the petitioner can show that the claim was not known to the petitioner in time to include it in a Rule 29.15 motion. *Id.* at 446–47.

*Clay v. Dormire,* 37 S.W.3d 214, 217 (Mo. banc 2000), further clarified the standard under which habeas corpus relief may be available based on a claim that the petitioner failed to include in a Rule 29.15 motion. It adopted an approach very similar to that applied by the United States Supreme Court in *Schlup v. Delo,* 513 U.S.

298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Under that approach, where a petitioner files a successive petition based on a claim that was not raised in the initial post-conviction motion (or, in federal court, not raised in the initial habeas petition), then in order to avoid the effects of the procedural default:

the petitioner must show that it is more likely than not that 'no reasonable juror would have found the defendant guilty' beyond a reasonable doubt. [*Schlup* ] at 328–29. The manifest injustice standard may also be satisfied where evidence of innocence is coupled with a showing of constitutional error at trial. *Id.* at 316.

*Jaynes,* 2001 Mo. LEXIS 98 at 13, 63 S.W.3d 210, 216.

Alternatively, *Jaynes* noted, the petitioner can avoid the procedural default by showing **cause** for the failure to timely raise the claim at an earlier juncture and **prejudice** resulting from the error that forms the basis of the claim. "[T]he 'cause' of procedural default 'must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Jaynes,* 2001 Mo. LEXIS 98 at 11, 63 S.W.3d 210, 215, *quoting, Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). To establish "prejudice", the petitioner must show that the error he asserts "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)(emphasis in original). In *Jaynes,* petitioner failed to meet this standard.[2]

**2.** In *Jaynes,* petitioner alleged the reason he failed to file a timely Rule 29.15 motion was because his post-conviction counsel was also

his trial counsel and so had a conflict of interest that caused him to abandon petitioner. 2001 Mo. LEXIS 98 at 2, 63 S.W.3d 210,

*B. Relationship of Rule 24.035, Rule 29.07(d) and Habeas Corpus.*

Rule 24.035 is very similar to Rule 29.15, but it applies where the movant has pled guilty rather than been found guilty after a trial. Like Rule 29.15(b), Rule 24.035(b) provides that a motion under it must be filed within 90 days of issuance of the appellate court mandate or, if no appeal is filed, within 90 days of defendant's delivery to the custody of the DOC. Rule 24.035(b). Rule 24.035(a) also states that it "provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated." Rule 24.035(a). And, like Rule 29.15(b), Rule 24.035(b) provides that "[f]ailure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035."

In light of this parallel language in Rules 29.15 and 24.035, Missouri appellate courts have similarly interpreted Rule 24.035's time limitations to bar relief in the sentencing court for all claims enumerated in Rule 24.035 that were not brought within the time limitations set out in the rule. Rule 24.035(a). *See also Leatherwood v. State*, 898 S.W.2d 109, 111 (Mo.App. S.D. 1995); *Matlock v. State*, 859 S.W.2d 275 (Mo.App. E.D.1993).

And, given the fact that courts such as *Simmons* have nonetheless held that there are limited circumstances in which relief may be granted despite the movant's fail-ure to meet the time requirements of Rule 29.15, it is also not surprising that the similar wording of the two rules has led movants to argue that so too should there be limited circumstances in which relief may be granted to a movant despite his or her failure to meet the time requirements of Rule 24.035.

Many litigants argue that such circumstances are those set out in Rule 29.07(d). More specifically, noting that the second clause of Rule 29.07(d), like Rule 24.035, deals with motions to withdraw guilty pleas after a conviction, but that Rule 29.07(d) contains no time limitations for filing such a motion, these movants argue that in order to give meaning to both rules, the courts should hold that Rule 29.07(d) provides a basis to set aside their guilty pleas even if the motion would be time-barred because not timely filed under Rule 24.035.

■ This argument has been repeatedly and properly rejected by Missouri's appellate courts. *See, e.g., Logan v. State*, 22 S.W.3d 783, 785–86 & n. 2 (Mo.App. W.D. 2000); *State v. Evans*, 989 S.W.2d 662, 663–664 (Mo.App. S.D.1999); *State v. Pendleton*, 910 S.W.2d 268, 271 & n. 3 (Mo. App. W.D.1995); *State v. Ryan*, 813 S.W.2d 898, 901–02 (Mo.App. S.D.1991). Where, as in the cases just cited, the movant was or reasonably should have been aware of his or her claim in sufficient time to file a timely motion under Rule 24.035 and simply failed to do so, resort to Rule 29.07(d) is impermissible, for:

> To hold otherwise would emasculate Rule 24.035 and constitute Rule 29.07(d)

213. Although this adequately alleged cause for the failure to timely seek post-conviction relief, petitioner failed to adequately allege prejudice in that he failed to allege what claims he could have successfully raised had his counsel timely filed under Rule 29.15. *Id.* at 12, 63 S.W.3d at 214. This Court denied his habeas petition but noted that if he could actually show abandonment he might be entitled to reopen his Rule 29.15 motion under the principles set out in *Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991). *Id.* at 17, 63 S.W.3d at 217.

an escape hatch through which any claim procedurally barred by Rule 24.035 could scurry into the trial courts. *Ryan*, 813 S.W.2d at 902.

In this case, however, Mr. Brown does not argue that claims that could have been brought under Rule 24.035 can be brought under Rule 29.07(d). Rather, he asserts that Rule 24.035 by its terms cannot be intended to apply to claims that were not known to the movant within the period set out in the rule, for such claims could never be brought within the rule's time limitations. It would make the relief ostensibly accorded by the rule illusory as to those claims. He argues that he could not have known of his claim in time to raise it under Rule 24.035, and so should be permitted to raise his claim under Rule 29.07(d).

The language of Rule 29.07(d) provides some support for Mr. Brown's argument. It does state that a guilty plea may be withdrawn after sentence and the conviction set aside if manifest injustice would otherwise result. For this reason, *State v. Pendleton* rejected the State's argument that Rule 24.035 provides the exclusive method of vacating a guilty plea once a defendant is sent to the DOC, stating:

> We do not believe this is an accurate statement of the rule or the *Ryan* holding. Rule 24.035 is the exclusive method of appeal *only as to the grounds enumerated within the rule.* All other grounds are excluded from the rule by omission.

910 S.W.2d at 271, n. 2 (emphasis added).[3] Therefore, *Pendleton* concluded, "[i]f the asserted grounds for relief were not cognizable under Rule 24.035, then the Rule 24.035 time limitations would not apply." *Id.* at 271. Although *Pendleton* did not

need to resolve the issue in order to decide the case before it, it said the question was still open whether Rule 29.07(d) would be applicable where a movant could not have known of his or her claim in time to timely file it under Rule 24.035. *Id.* at 271 n. 3. *See also Logan,* 22 S.W.3d at 785 n. 2 (citing *Pendleton* ).

Further, as discussed earlier, Mr. Brown's argument is consistent with the approach taken by Missouri courts under Rules 27.25 and 27.26, and with the approach taken under Rule 29.07(d) while Rule 27.26 was still in effect. In those cases, a litigant could raise a claim such as that asserted by Mr. Brown under Rule 29.07(d). *See discussion supra, section II.*

There are, however, important differences between Missouri procedure now and the procedure under Rule 27.26 that make the earlier cases of limited relevance in deciding whether Rule 29.07(d) should now provide a mechanism for relief for claims that are time-barred under Rule 24.035. Most basically, Rule 27.26 had no time limits for bringing a post-conviction motion, and it did not say it was the exclusive method of post-conviction relief. Thus, a Rule 29.07(d) motion could be and normally was filed in conjunction with a Rule 27.26 motion and so could "piggyback" onto the latter's procedures.

By contrast, Rule 24.035 clearly imposes a 90–day time limit for filing motions for post-conviction relief and says that it is the *sole* avenue of relief as to any of the claims enumerated in it, and that any claim that could be but is not raised under it is waived. This means that a Rule 29.07(d) motion will seldom if ever be brought in conjunction with a Rule 24.035 motion, for

---

**3.** *Accord, State v. Ralston,* 41 S.W.3d 620, 622 (Mo.App. W.D.2001); *Logan,* 22 S.W.3d at 785; *Evans,* 989 S.W.2d at 663; *Reynolds v. State,* 939 S.W.2d 451, 455 (Mo.App. W.D. 1996); *Ryan,* 813 S.W.2d at 901 (holding rule is the sole remedy as to those matters cognizable under it).

a Rule 29.07(d) motion normally is filed only if it is either too early to file a motion under Rule 24.035 because the movant has not yet been sentenced or sent to the DOC, or it is too late to file a motion under Rule 24.035 because the movant has already missed the latter's time deadlines.

As a result, if a Rule 29.07(d) motion is to be brought at all, it will normally be brought alone. Since the rule itself was not revised to include its own procedures when Rule 27.26 was replaced, a court facing a motion under it must either import procedures from another rule, such as Rule 24.035, or must develop them on an *ad hoc* basis. While either approach could be workable in an individual case, on a systemwide basis this lack of guidance could lead to confusion and lack of uniformity and may result in a record that is inadequate to allow for appellate review.[4]

Not surprisingly, appellate courts faced with the lack of set procedures or developed jurisprudence when reviewing a motion brought solely under Rule 29.07(d) have resolved the problem by bypassing Rule 29.07(d) and instead expanding the role of habeas corpus to fill the gap left when Rule 27.26 was replaced by Rule 24.035.

Thus, as *Jaynes,* 2000 Mo. LEXIS 98 at 9, 63 S.W.3d 210, 215, noted in the course of its application of habeas corpus, *Brown v. Gammon,* 947 S.W.2d 437 (Mo.App. W.D.1997), held that habeas corpus would be available where a petitioner can demonstrate that his claim was not "known to him" during the period in which he could have challenged his sentence under Rule

24.035. In *Brown v. Gammon,* Myron Brown, like George Brown in this case, alleged that his plea was involuntary because "as part of his plea agreement, the trial court offered to place him on probation after 120 days imprisonment if he completed a substance abuse treatment program while in prison." 947 S.W.2d at 438. The record confirmed that the judge rejected the agreed-upon plea of 12 years and inadvisedly became involved in plea negotiations himself, stating that he would instead give Mr. Brown a 20 year sentence, but that he would also direct him to be placed in a treatment program subject to the 120–day call-back provisions of section 559.115, and *promised* to give him probation if he completed the program. *Id.* at 439. Mr. Brown accepted the new plea agreement, completed the program with a fair rating, but was denied probation. *Id.* at 439–440. He brought a petition for habeas corpus. It was denied on the ground that because the trial court denied him probation he was "not 'entitled to such release.' " *Id.* at 440.

Without mentioning Rule 29.07(d), the Western District issued the writ, holding "there is authority that an issue unknown or not reasonably discoverable to the inmate during the period in which he could file for relief under Rule 24.035 can provide the basis for habeas corpus relief under Rule 91." *Brown v. Gammon,* 947 S.W.2d at 440, *citing, Merriweather v. Grandison,* 904 S.W.2d 485, 489 (Mo.App. W.D.1995); *Walls v. Delo,* 755 F.Supp. 873, 875 (E.D.Mo.1991). The court found Mr. Brown's belief that he would definitely

---

4. *State v. Myers,* 588 S.W.2d 236 (Mo.App. W.D.1979), faced a similar question of how to review denial of a motion filed solely under Rule 27.25, without an associated motion under Rule 27.26. Noting that the record was "far short of that contemplated for an informed post-conviction adjudication and review," it denied relief without prejudice to

proceeding under Rule 27.26. *Id.* at 237. It is not clear whether the court intended merely to indicate that the record in that case was inadequate, or that due to the lack of set procedures for a Rule 27.25 motion, proceeding under it is discouraged, unless, presumably, the motion is brought in conjunction with a Rule 27.26 motion.

be granted probation if he successfully completed the program was reasonable, that he proved that he relied on it, and that he therefore was entitled to have the case remanded so that he could withdraw his plea. 947 S.W.2d at 441.

Some appellate courts have also held that habeas corpus rather than Rule 29.07(d) provides the proper avenue of relief, even where the movant did attempt to proceed under Rule 29.07(d), and have denied relief under Rule 29.07(d) without prejudice to the movant's right to petition for relief in habeas corpus. As *Reynolds v. State*, stated:

> The unavailability of relief under Rules 24.035 or Rule 29.07(d) does not mean that [defendant] is without any avenue of relief. The Missouri Supreme Court specifically recognized in *State ex rel. Simmons v. White*, 866 S.W.2d 443, 446 (Mo. banc 1993), that habeas corpus relief under Rule 91 is available to correct manifest injustice, even if a detainee has failed to timely seek Rule 24.035 relief, if the detainee can establish that his grounds for relief were not "known to him" while Rule 24.035 proceedings were available and that his failure to file a timely motion under Rule 24.035 did not simply constitute "a calculated, strategic decision to forego both appeal and post-conviction motions in the hope of receiving probation within 120 days." *Id.* at 447. See also *White v. State*, 779 S.W.2d 571, 572 (Mo. banc 1989).

939 S.W.2d 451, 455 (Mo.App. W.D.1996). *Accord, State v. Ralston,* 41 S.W.3d 620, 623 (Mo.App. W.D.2001).

This Court concludes that the approach taken by *Brown v. Gammon* and *Reynolds* has merit. While Rule 29.07(d) traditionally was available to provide the kind of relief that these courts now state should be sought by means of a petition of habeas corpus, Rule 29.07(d) does not have its own procedures or separately developed jurisprudence and, for this reason, has fallen into disuse since the adoption of Rule 24.035. In the meantime, Missouri's courts have developed the law of habeas corpus in cases such as *Jaynes* and *Simmons* to accommodate claims time-barred under Rule 29.15 that would formerly have fallen within Rule 27.25. Moreover, Rules 29.15 and 24.035 are otherwise interpreted *in pari materia.* Given this history, to reinstate Rule 29.07(d) as a necessary means of raising claims time-barred under Rule 24.035 would serve no useful purpose. To the contrary, it would add another level of complexity to what can already be a lengthy and complex post-conviction process.

For these reasons, this Court holds that in cases such as Mr. Brown's, in which a person asserts a claim that comes within those enumerated under Rule 24.035, but that the person asserts he could not bring within the time limits set out in that rule, then habeas corpus rather than Rule 29.07(d) provides the mechanism by which the person may attempt to obtain relief.[5] *See Brown v. Gammon,* 947

---

**5.** Despite this holding, Rule 29.07(d) still plays an important role in this State's jurisprudence, albeit a more limited one than it did when Rule 27.26 was in effect. Rule 24.035 by its terms applies only to motions brought after conviction and sentencing and remand to the DOC. Therefore, claims that are brought prior to conviction, sentencing and remand to the DOC do not come within the claims enumerated in Rule 24.035 and so

need not be raised in a Rule 24.035 motion or by habeas corpus in order to be preserved. For this reason, a motion under the first clause of Rule 29.07(d) to withdraw a plea of guilty before sentence is imposed or when imposition of a sentence is suspended would still be proper, as would a motion under the second clause of Rule 29.07(d) to set aside a conviction and withdraw a guilty plea after sentence but before remand to the DOC, or a

S.W.2d at 440. In so ruling, this Court reaffirms that habeas corpus may not be used to circumvent the time limits set out in Rule 24.035(b). It may not be used to bring a motion or successive motion for post-conviction relief by a movant who has simply failed to meet Rule 24.035's time requirements. But, as this Court recently recognized in *Clay* and *Jaynes*, a petitioner may be entitled to relief on a claim not raised in a post-conviction motion, if the petitioner can assert either: (1) a claim of actual innocence or (2) a jurisdictional defect or (3)(a) that the procedural default was caused by something external to the defense—that is, a cause for which the defense is not responsible—and (b) prejudice resulted from the underlying error that worked to his actual and substantial disadvantage.

Here, Mr. Brown alleges that he was unaware and could not reasonably have been aware of the grounds of his motion in time to file a motion for post-conviction relief under Rule 24.035. His claim was denied without an evidentiary hearing. The State claims that this was the correct result even if Mr. Brown's claim is treated as a petition for habeas corpus, because the order denying Mr. Brown probation was entered 87 days after he was remanded to the DOC. Thus, the state argues, he could have brought his claim within Rule 24.035's 90–day period.

■ But, Mr. Brown alleges that he could not have brought his claim within the 90–day period and nothing in this record shows that he knew within 90 days that his

probation was denied or that he would never be sent to the promised treatment program, nor is there any basis for concluding that he could have actually filed his claim by the 90th day. This is the type of evidence that, if presented in a habeas corpus motion, would be sufficient to show that a cause external to the defense was the reason for failing to timely raise a claim under Rule 24.035.

■ The evidence of prejudice that Mr. Brown has asserted would not be sufficient to meet his burden under the "cause and prejudice" standard, however. Mr. Brown's claim that his plea was involuntary is entirely based on his claim that his guilty plea rested on an agreement that he would be placed in the treatment program and receive probation if he successfully completed the program. In evaluating a claim that a guilty plea is based on a mistaken belief about the sentence and plea agreement, "the test is whether a reasonable basis exists in the record for such belief." *McNeal v. State*, 910 S.W.2d 767, 769 (Mo.App. E.D.1995). A reasonable mistake exists only if the belief is reasonably based on positive representations upon which the defendant is entitled to rely. *Id.* If the record conclusively refutes the movant's claims, then they are properly denied, without an evidentiary hearing. *State v. Driver*, 912 S.W.2d 52, 55 (Mo. banc 1995).[6]

As previously noted, the guilty plea hearing transcript that Mr. Brown has filed appears to conclusively refute his

---

motion on grounds other than those enumerated in Rule 24.035.

**6.** *Driver* concerned a Rule 29.15 motion following jury trial; however, later decisions have applied it to Rule 24.035 motions following entry of a plea of guilty. *See e.g. Royston v. State*, 948 S.W.2d 454, 456 (Mo.App. W.D. 1997); *Summers v. State*, 934 S.W.2d 563,

567 (Mo.App. S.D.1996); *May v. State*, 921 S.W.2d 85, 88–89 (Mo.App. W.D.1996). Since, here, Mr. Brown is raising a claim that he would have been required to raise under Rule 24.035 had he been aware of it within the time limitations set out in that rule, it is appropriate to apply this standard to Mr. Brown's habeas claim also.

claim that he was misled into pleading guilty by a promise of placement in a treatment program and that he was promised release if he successfully completed it. It shows that, on several occasions during the guilty plea proceedings, the court restated the terms of the plea as three years imprisonment for one count of forgery to run concurrent with the sentence Mr. Brown was then serving. Mr. Brown acknowledged orally in court and in writing in his "Petition to Enter a Guilty Plea" that these were the terms of the plea agreement. The judge hearing the guilty plea provided Mr. Brown with several opportunities to withdraw his plea and specifically inquired as to whether Mr. Brown understood the terms of the agreement. Mr. Brown stated that no other promises had been made and that he had not been promised probation. The court then accepted the plea.

Only after the court had accepted Mr. Brown's plea did defense counsel ask the court to consider placing Mr. Brown in a treatment program and retaining authority to sentence him to probation under section 559.115 for 120 days. This is in accordance with the procedure set out in section 559.115, which leaves it to the judge's discretion whether to review the sentence within 120 days and specifically provides that the court will determine whether to utilize the procedure set out in section 559.115 "only upon its own motion and not that of the state or the defendant." Sec. 559.115.2.[7]

If this were the only evidence offered at a habeas proceeding, it would not be sufficient to meet the prejudice component of the "cause and prejudice" standard. It would show only that, while Mr. Brown may have hoped that the court would favorably consider his request for placement in a treatment program with a chance of probation after 120 days, and while the court did favorably consider and ultimately granted this request to be placed in a treatment program, Mr. Brown's plea of guilty did not depend on the judge's agreement to this procedure. That is, if the court refused to consider a treatment program and 120–day callback, Mr. Brown would still have gone through with the plea. A disappointed hope of a lighter or lesser sentence does not make a plea involuntary. See McMahon v. State, 569 S.W.2d 753, 758 (Mo. banc 1978).

In any event, here, Mr. Brown did not file a petition for habeas corpus in the sentencing court, nor did he request the trial court to alternatively treat his Rule 29.07(d) motion as a petition for habeas corpus, and the trial court did not do so on its own motion. Even had it done so, denial of a petition for writ of habeas corpus is not appealable. Rather, if the petitioner believes a writ should have issued, the remedy is to file a new petition in a higher court, and the Court declines to sua sponte treat Mr. Brown's appeal as a petition for habeas corpus filed in this Court.[8]

7. This case is thus distinguishable from Brown v. Gammon, in which the promise of a treatment program and probation were, erroneously, made a specific basis of the plea. 947 S.W.2d at 439.

8. While in rare circumstances this Court has exercised its discretion to treat an improperly filed appeal from denial of a writ of habeas corpus or an improperly labeled writ as if it were a petition for a writ of habeas corpus

filed in the appellate court, none of those circumstances are present here. See, e.g., Jones v. State, 471 S.W.2d 166, 168–69 (Mo. banc 1971) (where trial court treated movant's motion under Rule 27.26 as a petition for habeas and denied relief, but petitioner erroneously filed an appeal rather than a new petition in this Court, Court would treat appeal as if it were a new petition for writ); State ex rel. Haley v. Groose, 873 S.W.2d 221,

For these reasons, the judgment denying Mr. Brown's Rule 29.07(d) motion is affirmed.

All concur.

223 (Mo. banc 1994)("Where appropriate, courts may treat a petition for habeas corpus as a petition for mandamus.") Here, as noted, the trial court did not treat the Rule 29.07(d) motion as a petition for a writ of habeas corpus. Moreover, even had it done so, Mr. Brown would not have been entitled to relief because a petition for habeas corpus must be filed in the court having jurisdiction over defendant, and here the Rule 29.07(d) motion was filed in the sentencing court. *See* Rule 91.02(a); *Reynolds*, 939 S.W.2d at 454.