**Michael J. COVEY, Petitioner,**

v.

**Steven MOORE, Superintendent, Western Missouri Correctional Center, Respondent.**

**No. WD 57889.**

Missouri Court of Appeals, Western District.

April 2, 2002.

Nancy A. McKerrow, Columbia, for petitioner.

Frank A. Jung, Jefferson City, for respondent.

Before JOSEPH M. ELLIS, Presiding Judge, PATRICIA A. BRECKENRIDGE, Judge and EDWIN H. SMITH, Judge.

JOSEPH M. ELLIS, Judge.

Michael J. Covey was charged in the Circuit Court of Mercer County with a Class D felony of passing a bad check, § 570.120, RSMo 1994, and a Class C felony of assault in the second degree, § 565.060, RSMo 1994. On September 10, 1997, Mr. Covey appeared before the Court and entered pleas of guilty to both charges.

At the plea hearing, the State recommended that the court sentence Mr. Covey to five years on each count, the sentences to run concurrently, and place Mr. Covey in the 120–day institutional treatment program pursuant to § 559.115.[1] Mr. Covey stated that he wished to plead guilty and offered testimony related to the incidents for which he was charged.[2] Mr. Covey also testified that he was currently taking a prescription medication for depression, but that the medication did not affect his ability to understand the proceedings. The Court accepted Mr. Covey's pleas and deferred sentencing pending the completion of a pre-sentence investigation by the Board of Probation and Parole.

Mr. Covey appeared before Judge Holcomb on November 12, 1997, for sentenc-

---

1. This and all subsequent statutory references are to RSMo Cumulative Supplement 1997, unless otherwise indicated. Section 559.115.2 provides in pertinent part as follows:

A circuit court only upon its own motion and not that of the state or the defendant shall have the power to grant probation to a defendant anytime up to one hundred twenty days after such defendant has been delivered to the custody of the department of corrections but not thereafter.

2. With regard to Count I, Mr. Covey testified that on May 12, 1997, he wrote a personal check in the amount of $22.76 from an account that did not exist. With regard to Count II, he stated that on July 25, 1997, he attempted to hit his ex-wife's boyfriend with a shovel by poking the shovel through the window of a car after he saw the boyfriend trying to push his daughter out of the car.

ing. At the sentencing hearing, the following recommendations were made to the Court:

Mr. Hemenway: Your Honor, what the state is recommending is a five year sentence to be imposed in each of the cases, 164FX and 121FX, those sentences to be run concurrently. That there would be a 120 day call back under 559.115 institutional treatment. The state's position is that Mr. Covey could benefit from that program, and hopefully take some steps making sure these things don't occur again.

\* \* \*

Mr. Miller: Your Honor, in Mr. Covey's case I would ask the court to recognize that he does have two prior felony convictions, however, the last one occurred almost fifteen years ago. Mr.Covey has had a long standing problem with alcohol substance abuse and it was—while it wasn't related in this case, he was experiencing a difficult time during that period of time when this incident happened and has indicated to me that he would greatly benefit from intensive treatment and is willing to do so. He does have support of family. I believe he still lives with his mother. That would be a suitable home plan if he is able to get into the program and he has indicated to me that he is ready. He wants to go.

After the State and the defense made their recommendations, the Probation and Parole officer recommended against probation even after the completion of a drug treatment program. However, the trial court disagreed, and the following discussion took place:

The Court: I just—I can't fully agree with [the Probation and Parole officer] from the standpoint of locking you up because he says it will not work and he may well be right. He may have a

better handle on this. If it doesn't work, then that is what is going to happen to you. Now, I'm going to tell you right now I'm not going to follow the recommendation. What I'm going to do is you have got five and five. I'm going to stack them. That is consecutive and not concurrent. You are looking at ten years. Now, if you want to withdraw the guilty plea on the fact I'm not going to follow the recommendation, I will—I will tell you, however, I'm going to send you down for 120 day treatment. If you want to confer with him, I will give you that opportunity. If not, I will allow you to withdraw your plea.

Mr. Miller: Mr. Covey, you understand that this is exactly the same thing we talked about except for a ten year sentence over your head if you mess up instead of five years?

The Defendant: Yeah, I understand.

Mr. Miller: Is this something you want to talk about or something you are ready to make a decision on now?

The Defendant: I'm ready to go.

Mr. Miller: So, you want the opportunity for the 120 day call back?

The Defendant: Yeah.

\* \* \*

The Court: I will still make it five and five. Five years confinement in the Department of Corrections; conditional release time fixed as provided by law. In CR697–164FX, the court will impose a sentence of five years confinement in the Department of Corrections with conditional release time fixed as provided by law; said sentence to be consecutive to the sentence imposed in 121FX. A total of ten years, Mr. Covey. The court will retain jurisdiction in both cases, and request a written report within 100 days of your delivery to the custody of the Department of Corrections. I will also or-

der you placed in [sic] institutional treatment program where you will be going through some of the most intensive substance abuse counseling and treatment you have ever received. You have not had anything like this before. You can go down there with two attitudes. One is, "I've got to go along with the system even though I don't believe it and I will go along and get a good report and, therefore, I will come out on probation." If you do, it is not going to work, you understand that?

The Defendant: Yeah.

The Court: And if you come out with that kind of attitude or have that kind of attitude when you come out, you are going to violate that probation sooner or later and you will be back up here. I will not hesitate, on admission or proof of violations, sending you to the Department of Corrections for the total of ten years. However, if you go down with the attitude that, you know—how old are you now, Mr. Covey?

The Defendant: 38.

The Court: You know, "I'm tired of living this and tired of being locked up and tired of being drunk, tired of doing whatever else you do," if you go down there with that attitude that you want to break it, you want to break it now, they are there to help you. You will get a good report and I will consider you for probation. If you don't go down with that attitude, then coming out is not going to be of any benefit to you or anyone else and we may just as well go ahead and do what Mr. Smith says and just lock you up and warehouse you. It is going to be your attitude and your decision when you go down there to want to comply with what you are going to do. If it is, we will never see Joe Covey up here facing any type of crime again, do you understand that?

The Defendant: Yes.

The Court: Do you think you have got that kind of attitude?

The Defendant: I believe I do.

The Court: Good luck to you then.

* * *

The Court: Okay, I have indicated to you, Mr. Covey, this all comes down to you now; the attitude you have going into that program, and the success that you have when you come out.

The docket sheet from that day reflects that the court sentenced Mr. Covey to consecutive terms of five years imprisonment, retained jurisdiction over the matter for 120 days, requested a written report within 100 days of delivery, and ordered Mr. Covey placed in an institutional treatment center.

On November 14, 1997, Mr. Covey was placed in the Missouri Department of Corrections pursuant to § 559.115. On November 21, 1997, after reviewing Mr. Covey's case materials, a superintendent at the Fulton Reception/Diagnostic Center determined that Mr. Covey was ineligible for an institutional treatment center because he was taking medication for his depression and that the Department of Corrections could not comply with the Court's order that he be placed in the treatment program.

Thirty-eight days after determining that Mr. Covey was not eligible for the treatment program, on December 29, 1997, the Community Corrections Coordinator wrote a letter to Judge Holcomb stating:

Please be advised that COVEY is currently taking restricted medication. This situation excludes him from placement at an Institutional Treatment Center. COVEY will be assigned to another institution and a Court Report will be

sent to you under the provisions of RSMo 559.115.

A copy of this letter was also sent to Mr. Covey.

On February 8, 1998, the Board of Probation and Parole sent a Court Report on Mr. Covey to the circuit judge pursuant to § 559.115.2. The report reflected that Mr. Covey had "incurred good institutional adjustment having incurred no conduct violations" and had taken responsibility for his crimes. The report stated that Mr. Covey was denied drug treatment because he had been diagnosed with depression and anxiety disorder. The report reflected that the parole officer had gone over conditions of probation with Mr. Covey. In closing, the parole officer recommended that Mr. Covey not be granted probation based upon his criminal history. In the event parole was granted, the officer recommended that Mr. Covey be placed in a substance abuse program as part of his probation. Mr. Covey was never called back up in front of the trial court.

Mr. Covey is currently incarcerated at the Western Missouri Correctional Center in Cameron, Missouri. On January 22, 1999, he filed a petition for a writ of habeas corpus to the Circuit Court of DeKalb County, which was denied on February 5, 1999.

On November 18, 1999, Mr. Covey petitioned this court for a writ of habeas corpus. Mr. Covey contended that he was being unlawfully restrained by Respondent Steven Moore, the superintendent of the Western Missouri Correctional Center, because he was not released after 120 days of confinement. He argued that his plea was involuntary because he was misled by the court into believing that he would be released after serving 120 days of imprisonment. Mr. Covey argued that even though the Department of Corrections refused to admit him into the institutional treatment program for substance abuse, as provided in the plea agreement and ordered by the court, he should still have fallen under the 120 day call back provision of § 559.115.

On December 17, 1999, this Court entered a preliminary writ of habeas corpus. Subsequently, Mr. Covey was appointed counsel, and oral arguments were heard on July 12, 2000. On September 5, 2000, this Court entered its writ of habeas corpus.

Thereafter, the Missouri Supreme Court granted the State's application for transfer. On December 5, 2000, the Missouri Supreme Court handed down its decision in *Clay v. Dormire,* 37 S.W.3d 214 (Mo. banc 2000). At the same time, the Court transferred Mr. Covey's case back to this court for reconsideration in light of that opinion.

The parties filed new briefs, and the case was re-argued. On June 26, 2001, this court handed down its opinion denying habeas corpus relief. Thereafter, the Missouri Supreme Court granted Mr. Covey's application for transfer. On February 13, 2002, the Missouri Supreme Court handed down its decision in *Brown v. State,* 66 S.W.3d 721, 2002 WL 215600 (Mo. banc Feb.13, 2002). Subsequently, the Court transferred Mr. Covey's case back to this court for reconsideration in light of *Brown.*

■ Initially, we address Respondent's argument that habeas corpus cannot be a proper remedy for Mr. Covey's claim. Respondent contends that the only proper procedure under which Mr. Covey could challenge the voluntariness of his plea was to file a Rule 24.035 motion for post-conviction relief. Indeed, "[t]he relief available under a writ of habeas corpus has traditionally been very limited, and courts are not required to issue this extraordinary writ where other remedies are adequate and available." *Clay,* 37 S.W.3d at 217. " 'The court may, in its discretion,

refuse the writ where there is another adequate remedy.'" *White v. State*, 779 S.W.2d 571, 573 n. 2 (Mo. banc 1989) (quoting *Hamilton v. Henderson*, 232 Mo.App. 1234, 117 S.W.2d 379, 383 (Mo.App. W.D. 1938)). Respondent argues that Mr. Covey has waived his right to challenge this issue because he chose not to file a motion for post-conviction relief within the time prescribed by that rule. Respondent claims that, having waived this issue, under the decision of the Missouri Supreme Court in *Clay*, Appellant cannot properly pursue a writ of habeas corpus in the absence of evidence of his actual innocence of the crimes for which he was convicted.

■ Mr. Covey argues that *Clay* does not serve to bar his petition for a writ of habeas corpus. Mr. Covey contends that, in the event his claim is considered procedurally barred, he sufficiently satisfied the "cause and prejudice" standard established by the United States Supreme Court for raising procedurally barred claims in a habeas corpus petition and that this standard was implicitly adopted by the Missouri Supreme Court in *Clay*.

■ While Respondent argues that the "cause and prejudice" standard has not been adopted by the Missouri Supreme Court and that under *Clay* a habeas corpus petitioner can only obtain relief upon a showing of actual innocence, recent case law from the Missouri Supreme Court has expressly rejected that position. *See Brown v. State*, 66 S.W.3d 721, 722; *State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210 (Mo. banc 2001). With regard to habeas corpus relief, the Missouri Supreme Court has adopted an approach similar to that applied by the United States Supreme Court in (*Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)).[3] *Brown*, 66 S.W.3d 721, 726. The federal "cause and prejudice" standard was expressly adopted by the Court in *Jaynes*. *Id.* at 730. In *Brown*, the Court held that "habeas corpus ... provides the proper avenue for relief in those limited circumstances in which the petitioner asserts a claim that is of the type enumerated in Rule 24.035, but that is time-barred under that rule, if the petitioner can meet the 'cause and prejudice' standard set out in *State ex rel. Nixon v. Jaynes*, [63 S.W.3d 210 (Mo. banc 2001) ]." *Id.* at 722. Accordingly, habeas corpus petitioners could obtain relief without a showing of actual innocence if they could satisfy the cause and prejudice standard. *Id.* at 730.

Therefore, we must next turn to whether Mr. Covey has sufficiently established a cause and prejudice claim for habeas corpus relief. *Brown* spelled out the cause and prejudice standard as follows:

> [T]he petitioner can avoid the procedural default by showing *cause* for the failure to timely raise the claim at an earlier juncture and *prejudice* resulting from the error that forms the basis of the claim. The "cause" of procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. To establish "prejudice", the petitioner must show that the error he asserts worked to his *actual* and substantial disadvantage,

3. "As [the Missouri Supreme Court] recently recognized in *Clay* and *Jaynes*, a petitioner may be entitled to relief on a claim not raised in a post-conviction motion, if the petitioner can assert either: (1) a claim of actual innocence or (2) a jurisdictional defect or (3)(a) that the procedural default was caused by something external to the defense—that is, a cause for which the defense is not responsible—and (b) prejudice resulted from the underlying error that worked to his actual and substantial disadvantage." *Brown*, 66 S.W.3d 721, 730.

infecting his entire trial with error of constitutional dimensions.

*Id.* at 726 (internal citations and quotations omitted) (emphasis in original).

Mr. Covey claims to have cause for failing to include his current claims in a Rule 24.035 motion because he did not know and could not reasonably have known of his claims prior to the running of the ninety-day time limit set forth in that rule. He further asserts that he suffered prejudice because he would not have pled guilty if he had known that he would not be placed in the treatment program and would not be called back before the trial court to be considered for probation.

 Complaints related to the voluntariness of a guilty plea must ordinarily be pursued in a Rule 24.035 motion for post-conviction relief. *Brown v. Gammon,* 947 S.W.2d 437, 440 (Mo.App. W.D.1997). Rule 24.035(d) requires that the motion to vacate shall include every claim known to the movant and provides that " 'the movant waives any claim for relief known to the movant that is not listed in the motion.' " *Johnson v. State,* 938 S.W.2d 264, 266 (Mo. banc 1997).

 "[H]abeas corpus may not be used to circumvent the time limits set out in Rule 24.035(b)" and "may not be used to bring a motion or successive motion for post-conviction relief by a movant who has simply failed to meet Rule 24.035's time requirements." *Brown,* 66 S.W.3d 721, 730. On the other hand, " 'an issue unknown or not reasonably discoverable to the inmate during the period in which he could file for relief under Rule 24.035 can provide the basis for habeas corpus relief.' " *Id.* at 729 (quoting *Brown,* 947 S.W.2d at 440).

In the case at bar, despite his assertions to the contrary, Mr. Covey has failed to establish that he did not know of his current claims prior to the running of the time limits set forth in Rule 24.035. In fact, the record reflects that these claims were known to him, or were at least reasonably discoverable by him, during the ninety-day period allowed for the filing of a Rule 24.035 motion. The trial court communicated to Mr. Covey at sentencing that his release under the provisions of § 559.115 was conditioned upon his completion of an "intensive substance abuse program." Indeed, the trial court twice indicated to Mr. Covey that it was necessary for him to receive a "good report" from the program before the court would consider him for probation. Therefore, it was reasonable for Mr. Covey to know that he would not be considered for probation under § 559.115 as soon as he learned that he was ineligible for the substance abuse program. This was determined within a week of his delivery to the Department of Corrections, and he received a copy of a letter to the court confirming his ineligibility thirty-eight days after his delivery to the Department. Accordingly, Mr. Covey was aware of the claims he now asserts in his petition for writ of habeas corpus within the ninety-day time period for filing a Rule 24.035 motion for post-conviction relief. Since he did not raise those claims in a Rule 24.035 motion, they are waived under Rule 24.035, *Johnson,* 938 S.W.2d at 266, and Mr. Covey cannot establish cause for failing to raise claims known to him prior to the deadline for his Rule 24.035 motion. *Brown,* at 726, 730.

Appellant alleges no other factual or legal basis for habeas relief. There was no objective factor external to the defense that prevented him from raising the issue in a Rule 24.035 motion. Accordingly, he cannot show cause and prejudice such as to be entitled to a writ of habeas corpus.

 Absent a showing of cause and prejudice, Mr. Covey must establish mani-

fest injustice in order to secure habeas relief. Manifest injustice requires a showing that " 'a constitutional violation has probably resulted in the conviction of one who is actually innocent,' and further, '[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light [of new evidence of innocence].' " *Clay*, 37 S.W.3d at 217 (quoting *Schlup*, 513 U.S. at 327, 115 S.Ct. 851) (internal quotations omitted). Mr. Covey offers no new evidence of innocence and makes no claims of actual innocence of the underlying crimes. Consequently, there is no basis for a finding of manifest injustice.

For the foregoing reasons, we conclude that our preliminary writ of habeas corpus was improvidently granted, and it is therefore quashed. Mr. Covey's petition for writ of habeas corpus is denied.

All concur.