**STATE of Missouri, Respondent,**

**v.**

**Thomas J. NORSWORTHY, Appellant.**

**No. SC 83906.**

Supreme Court of Missouri, En Banc.

April 9, 2002.

Thomas J. Norsworthy, Jefferson City, Pro Se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Susan L. Brown, Asst. Atty. Gen., Jefferson City, for Respondent.

PER CURIAM.

Thomas J. Norsworthy pleaded guilty to property damage. He was sentenced on October 24, 1997. He was confined in the department of corrections not later than November 10, 1997. On March 1, 2001, he filed a motion to withdraw the guilty plea pursuant to Rule 29.07(d). The motion alleged that Norsworthy's plea was not knowing and voluntary because he relied on section 558.019.5, RSMo 2000, for belief that his consecutive sentences would be converted to concurrent sentences. He also alleged that the sentencing judge did not have jurisdiction as he was an associate circuit judge and the charges involved a felony. Relief was denied.

Norsworthy's claims are of the type that would normally be raised in a motion filed pursuant to Rule 24.035 within 90 days of the movant's commitment to the department of corrections. *Rule 24.035(a)*. This Court recently held that if a person seeks relief from a guilty plea for reasons that come within the ambit of Rule 24.035, but the relief is not sought within the time limits set out in that rule,[1] then habeas corpus—rather than Rule 29.07(d)—provides the mechanism by which the person may seek relief. *Brown v. State*, 66 S.W.3d 721 (Mo. banc 2002). Habeas corpus relief is available after the time has expired to file a motion pursuant to Rule 24.035 if the petitioner can show: (1) a claim of actual innocence or (2) a jurisdictional defect or (3)(a) that the procedural default was caused by something external to the defense—that is, a cause

---

1. In this case, any such motion was required to be filed not later than February 9, 1998.

*Rule 24.035(b); Rule 44.01.*

for which the defense is not responsible—and (b) prejudice resulted from the underlying error that worked to the petitioner's actual and substantial disadvantage. *Id.*

As Norsworthy erroneously sought relief under Rule 29.07(d) rather than in habeas corpus, the trial court properly denied relief. The judgment is affirmed.

LIMBAUGH, C.J., WHITE, WOLFF, BENTON, LAURA DENVIR STITH and PRICE, JJ., and SHRUM, Sp.J., concur.

TEITELMAN, J., not participating.