James Arthur KING, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 25240.

Missouri Court of Appeals, Southern District, Division Two.

May 22, 2003.

James Arthur King, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Asst. Atty. Gen., Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Chief Judge.

James A. King ("Movant") appeals the motion court's denial of his *pro se* motion under Rule 29.07(d) [1] to withdraw his plea of guilty to tampering in the first degree. Movant alleges his plea of guilty was involuntary because he was incompetent at the time of his plea and his counsel was ineffective for failing to investigate Movant's incompetence as a defense. We affirm the motion court's denial of Movant's Rule 29.07(d) motion.

On March 22, 2000, Movant was charged by information with the class C felony of tampering in the first degree in violation of § 569.080.1(2) [2]. On April 5, 2000, Movant appeared with counsel at a guilty plea hearing. Movant offered a Petition to Enter Plea of Guilty that stated the prosecuting attorney promised that if Movant pled guilty he would recommend four years within the Department of Corrections and commitment to Mineral Area Treatment Center for 120 days pursuant to § 559.115.2 [3]. The petition was signed by Movant, and further stated: "My mind is clear, and I am not mentally ill. I am not under the influence of alcohol or drugs, and I am not under a doctor's care." At

---

1. All rule references are to Supreme Court Rules (2002), unless otherwise stated.

2. All references to statutes are to RSMo 2000, unless otherwise indicated.

3. § 559.115.2 provides:

A circuit court only upon its own motion and not that of the state or the defendant shall have the power to grant probation to a defendant anytime up to one hundred twenty days after such defendant has been delivered to the custody of the department of corrections but not thereafter. The court may request information and a recommendation from the department concerning the defendant and such defendant's behavior during the period of incarceration. Except as provided in this section, the court may place the defendant on probation in a program created pursuant to section 217.777, RSMo, or may place the defendant on probation with any other conditions authorized by law.

the guilty plea hearing, Movant testified he was receiving disability payments from Veterans Administration based on mental illnesses that included post-traumatic stress disorder, major depression, and anxiety. When asked if his mind was clear, Movant stated "I'm not to the—I can understand, and—and I know what you're talking about." Movant reported he had taken several psychotropic medications during the week before the hearing.

The court found that Movant's guilty plea was made "freely, voluntarily, intelligently, with a full understanding of the charge and consequences of the plea, and understanding his rights attending a jury trial and the effect of a plea of guilty on those rights." The court did not inform Movant of his right to proceed under Rule 24.035 to withdraw his guilty plea as required by Rule 29.07(b)(4). Movant was sentenced to four years within the Missouri Department of Corrections and committed to Mineral Area Treatment Center for 120 days pursuant to § 559.115.2. Movant's probation was subsequently denied.

On March 5, 2001, Movant filed a *pro se* motion to correct manifest injustice pursuant to Rule 29.07(d). That motion was denied on May 2, 2001. Movant filed another *pro se* Rule 29.07(d) motion on June 19, 2002. In that motion, Movant alleged that at the time of the offense and his guilty plea he "was suffering from post traumatic stress disorder and a panolpy [sic] of associated mental disorders, which fact was fatally compounded by the ineffective assistance afforded by trial counsel." This second Rule 29.07(d) motion was denied without an evidentiary hearing on August 27, 2002.

On September 13, 2002, Movant filed a Motion Requesting the Court Denominate Dismissal Order as "Judgment." The court amended the prior order and entered its final judgment on September 24, 2002. The court found that Movant "filed the wrong claim before this court assuming he even has a claim," citing to *Brown v. State*, 66 S.W.3d 721 (Mo. banc 2002). The court further stated that Movant's Rule 29.07(d) motion was an attempt to "circumvent the time limits set out in Supreme Court Rule 24.035." Movant appeals the denial of his second Rule 29.07(d) motion.

Movant claims he is entitled to withdraw his guilty plea under Rule 29.07(d), which states:

A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

The State argues that Movant's Rule 29.07(d) motion is time-barred because the claims raised in that motion are cognizable under Rule 24.035[4]. Movant argues the time limitations in Rule 24.035 do not apply to his claim for post-conviction relief because he was not informed of his right to proceed under Rule 24.035 at the guilty

---

4. *Rule 24.035(a) provides:*

A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated.

plea hearing, which was required by Rule 29.07(b)(4). We agree with the State's contention and find that Movant's Rule 29.07(d) motion is time-barred.

■ Our Supreme Court recently decided the issues presented by Movant in *Brown v. State.* In *Brown,* our Supreme Court reaffirmed that "Rule 29.07(d) cannot be used to circumvent the time limitations set out in Rule 24.035(b)[5] as to claims enumerated in that rule." 66 S.W.3d at 723. The court held that "habeas corpus, rather than Rule 29.07(d), now provides the proper avenue for relief in those limited circumstances in which the petitioner asserts a claim that is of the type enumerated in Rule 24.035, but that is time-barred under that rule, if the petitioner can meet the 'cause and prejudice' standard." *Id.* Movant's claim in his Rule 29.07(d) motion is the type of claim that must be raised in a Rule 24.035 motion because it alleges the conviction or sentence violated "the constitution and laws of this state or the constitution of the United States." Rule 24.035(a).

■ Movant argues that his Rule 29.07(d) motion meets the "cause and prejudice" requirements;[6] however, Movant did not file a petition for habeas corpus in the sentencing court. Movant also did not request the motion court to alternatively treat his Rule 29.07(d) motion as a petition for habeas corpus, nor did the motion court do so on its own motion. Even if the motion court had treated Movant's Rule 29.07(d) motion as a petition for habeas corpus, such petitions are not appealable. *Brown,* 66 S.W.3d at 732. This court declines to *sua sponte* treat Movant's appeal as a petition for habeas corpus.

■ In addition, Appellant incorrectly filed his Rule 29.07(d) motion in the sentencing court in Pulaski County. Movant was incarcerated in Cole County when he filed his motion. A petition for writ of habeas corpus must be filed in the court having jurisdiction over the petitioner, which is the court having jurisdiction over the place of confinement or detention. *Reynolds v. State,* 939 S.W.2d 451, 455 (Mo.App. W.D.1996).

The judgment denying Movant's Rule 29.07(d) motion is affirmed.

PREWITT, P.J. concurs.

PARRISH, J., concurs in separate opinion.

JOHN E. PARRISH, Judge, concurring.

I concur. I write separately, however, to express concern over the reference in the "Petition to Enter Plea of Guilty" to a promise by the prosecuting attorney in appellant's criminal case to recommend commitment for 120 days pursuant to § 559.115.2, RSMo 2000. This court has

---

5. Rule 24.035(b) provides in pertinent part:
   If an appeal of the judgment or sentence sought to be vacated, set aside or corrected was taken, the motion shall be filed within ninety days after the date the mandate of the appellate court is issued affirming such judgment or sentence. If no appeal of such judgment was taken, the motion shall be filed within ninety days of the date the person is delivered to the custody of the department of corrections.

6. A petitioner is entitled to habeas corpus relief after the time has expired to file a

motion pursuant to Rule 24.035 if the petitioner can show:

(1) a claim of actual innocence or (2) a jurisdictional defect or (3)(a) that the procedural default was caused by something external to the defense—that is, a cause for which the defense is not responsible—and (b) prejudice resulted from the underlying error that worked to the petitioner's actual and substantial disadvantage.
*State v. Norsworthy,* 71 S.W.3d 610, 611–12 (Mo. banc 2002).

previously emphasized that probation as permitted by that statute is not a matter for negotiation between the state and a defendant in a criminal case.

As this court explained in *Bauer v. State*, 926 S.W.2d 188, 191 (Mo.App. 1996), and as § 559.115.2 [RSMo Cum. Supp.1998] succinctly states, a defendant in a criminal case has no right to request consideration for probation within 120 days after commitment to the Department of Corrections. *See also Bauer v. State*, 949 S.W.2d 248, 250–51 (Mo.App. 1997) (Parrish, J., concurring). A trial court cannot be compelled to grant probation during a defendant's first 120 days of incarceration. Negotiations directed toward reaching a disposition in a criminal case should not suggest otherwise.

*Brown v. State*, 72 S.W.3d 233, 237 (Mo. App.2002). Prosecuting attorneys should not include the granting of probation during the first 120 days of incarceration as part of the plea negotiation process.