James B. GEITZ, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 79695.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 20, 2002.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 22, 2002.

James B. Geitz, Moberly, pro se.

Jeremiah W. (Jay) Nixon, Attorney General, Andrea Mazza Follett, Assistant Attorney General, Jefferson City, for respondent.

MARY R. RUSSELL, Presiding Judge.

James Geitz (Appellant) appeals the trial court's judgment dismissing his motion to withdraw his guilty plea under Rule

29.07(d). We affirm as Appellant's claims should have been raised in a Rule 24.035 motion for post-conviction relief.

On January 13, 1986, Appellant pleaded guilty in two separate cases. In the first case, Appellant pleaded guilty to first degree burglary, section 569.160 RSMo 1986, second degree robbery, section 569.030 RSMo 1986, and sodomy, section 566.060 RSMo 1986. The trial court sentenced Appellant to seven years for burglary, a concurrent term of seven years for robbery, and a consecutive term of seven years for sodomy. In the second case, Appellant pleaded guilty to attempted first degree murder, and the trial court sentenced Appellant to six years. The court ordered this sentence to be served consecutively to the first case and another sentence in an Illinois case. In addition, the court ordered that Appellant should receive credit for jail time. Appellant was returned to Illinois to serve his sentence there.

Appellant did file a direct appeal in both of these cases, but his appeals were dismissed. *State v. Geitz,* Nos. 51378 & 51385 (Mo.App.1986). He filed another appeal in these cases in 1995 for the denial of a nunc pro tunc order, but that appeal was dismissed as well. *State v. Geitz,* No. 68442 (Mo.App.1995). In that later appeal, Appellant sought jail time credit.

After completing his Illinois sentence, Appellant was ultimately delivered to the Missouri Department of Corrections on April 29, 1996 to begin serving his Missouri sentences. Appellant filed a Rule 24.035 motion for post-conviction relief on July 19, 1996. Two of his allegations in his Rule 24.035 motion were that he did not receive jail time credit for his Illinois sentence and his counsel did not clearly advise him that his sentences would be consecutive. *Geitz v. State,* No. 71917 (Mo.App. 1997). The trial court denied Appellant's motion. It concluded Appellant received the plea agreement for which he bargained and his plea was voluntarily and intelligently entered. *Id.* Appellant's appeal of the denial of his Rule 24.035 motion was dismissed by this court for failure to file his brief. *Id.*

On April 17, 2001, Appellant filed with the trial court a motion to withdraw his guilty plea under Rule 29.07(d). This time, Appellant asserted that in July of 1996, he became aware that he was only going to receive jail time credit of 927 days. Appellant asserted he believed at the time of his guilty plea that he would receive credit on his Missouri sentence for all the time served on his Illinois case, some 3700 days. He alleged his counsel had misled him and that the State had breached the plea agreement. The court dismissed the motion without a hearing. Appellant filed a motion for reconsideration, which the court also denied. Appellant files the present appeal.

■ In his appeal, Appellant asserts three points of error. Appellant contends: (1) the trial court erred in holding his claims raised in his Rule 29.07(d) motion should have been raised in a Rule 24.035 motion; (2) the trial court should have treated his Rule 29.07(d) motion as a petition for a writ of habeas corpus; and (3) the trial court who sentenced him was without jurisdiction because a federal removal petition was pending.

■ In response, the State contends Appellant should have raised his claims in a Rule 24.035 motion. We agree. Rule 29.07(d) cannot be used to circumvent the time limitations of Rule 24.035. *Brown v. State,* 66 S.W.3d 721, 723 (Mo. banc 2002). While there is no time limit in Rule 29.07(d), if a defendant raises claims that are within those enumerated in Rule 24.035, the motion is subject to the terms

and conditions of Rule 24.035, including its time limitations. *Brown*, 66 S.W.3d at 727; *see also Logan v. State*, 22 S.W.3d 783, 784 (Mo.App.2000). Where a defendant "was or reasonably should have been aware of his or her claim in sufficient time to file a timely motion under Rule 24.035 ... resort to Rule 29.07(d) is impermissible." *Brown*, 66 S.W.3d at 727. "To hold otherwise would emasculate Rule 24.035 and constitute Rule 29.07(d) an escape hatch through which any claim procedurally barred by Rule 24.035 could scurry into the trial courts." *Brown*, 66 S.W.3d at 727.

The claims that Appellant has raised in his Rule 29.07(d) motion are within those enunciated in Rule 24.035. Appellant contended the "validity of [his] guilty plea ... is impaired because the plea was induced by unfulfillable promises." He further alleged his counsel had told him that he would receive 3700 days of jail credit time and that "consecutive" meant his Illinois sentence would count toward his Missouri sentence. Essentially, Appellant contends he believed that his Missouri sentence would be served *concurrently* with his Illinois sentence, instead of consecutively to it. He also contends the sentencing court was without jurisdiction because he had a federal removal petition pending. These types of claims are of the type which must be raised in a Rule 24.035 motion because they allege the conviction or sentence violated "the constitution and laws of this state or the constitution of the United States" and that the sentencing court was without jurisdiction. Rule 24.035(a).

Appellant argues in his reply brief that a claim for jail time credit is not cognizable in a Rule 24.035 motion. He is not currently raising a question of whether the Department of Corrections improperly calculated his jail time credit. *See Murphy v. State*, 873 S.W.2d 231 (Mo. banc 1994). Rather, Appellant is asserting that his plea is involuntary due to his mistaken belief that he would be credited with his entire Illinois sentence and that the State breached its plea agreement with him. This claim is cognizable in a Rule 24.035 motion. *See Vernor v. State*, 894 S.W.2d 209, 210 (Mo.App.1995).

The legal file provided by Appellant indicates he has been in the custody of the Department of Corrections since April 29, 1996. Accordingly, Appellant's Rule 29.07(d) motion, which was filed almost five years later is untimely.[1] Rule 24.035(b).

Appellant contends he could not have raised his claim within the time limits of Rule 24.035. When a defendant asserts a claim within those enumerated in Rule 24.035 and contends he could not bring his claim within its time limits, the proper mechanism is to seek a writ of habeas corpus rather than file a 29.07(d) motion. *Brown*, 66 S.W.3d at 730. Appellant acknowledges that his Rule 29.07(d) motion was improper, but citing to *Brown*, he argues the motion court should have treated his motion as a petition for a writ of habeas corpus.

If Appellant was unaware of his claim within the time limits of Rule 24.035, the trial court here did not err in *sua sponte* failing to treat Appellant's petition as a petition for a writ of habeas corpus. Nothing in *Brown* requires a circuit court to treat a Rule 29.07(d) motion as a peti-

---

1. Appellant asserts he filed two prior motions to withdraw his guilty pleas; one on November 20, 1997 and the second one on January 30, 1998. These motions are not contained in the legal file. On October 17, 2001, the trial court entered an order concluding these documents had not been filed. We note that even if they had been filed, they were also untimely.

tion for writ of habeas corpus. In addition, Appellant incorrectly filed his Rule 29.07(d) motion in the *sentencing* court in St. Louis County. A petition for a writ of habeas corpus must be filed in the court having jurisdiction over Appellant, i.e., the county where he is incarcerated. *Brown,* 66 S.W.3d at 732 n.8; *Reynolds v. State,* 939 S.W.2d 451, 455 (Mo.App.1996). At this time, Appellant is incarcerated at Moberly Correctional Center, which is located in Randolph County. Appellant's remedy, if he has one, is to seek a writ of habeas corpus with the Randolph County Circuit Court.

The judgment is affirmed.

CLIFFORD H. AHRENS, J., and JAMES R. DOWD, J., concur.