**Dennis R. BISHER (24.035), Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 63872.**

Missouri Court of Appeals,
Western District.

March 15, 2005.

Andrew Allen Schroeder, Appellate Defender, Kansas City, MO, for appellant.

Deborah Daniels, Assistant Attorney General, Jefferson City, MO, for respondent.

Before EDWIN H. SMITH, C.J., HOWARD and NEWTON, JJ.

VICTOR C. HOWARD, Judge.

Dennis Bisher appeals from the motion court's judgment denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Bisher claims that he was entitled to an evidentiary hearing on his allegation that he pleaded guilty in reliance on a plea agreement with the State that he would receive credit toward his sentence for time served while awaiting disposition of the charges he pleaded guilty to. We reverse and remand for an evidentiary hearing.

## Background

On November 15, 2002, the State charged Bisher by Indictment with one count of felony driving while intoxicated, one count of felony leaving the scene of a motor vehicle accident, and one count of misdemeanor driving while license was suspended, revoked or canceled. As a result, Bisher's parole was revoked, and he returned to the custody of the Department of Corrections (the "DOC").

Bishop remained in the custody of the DOC until June 2, 2003, when he appeared before the Circuit Court of Lafayette County to enter a guilty plea to the charged offenses.[1] During the plea hearing, the State presented evidence to the court supporting the charges if the case were to go to trial. Bisher admitted the facts and circumstances surrounding the charges as presented by the State. The court then discussed the State's sentencing recommendation. The State indicated that "at most" it would recommend concurrent three-year sentences on each of the felonies and six months in jail for the misdemeanor driving while suspended or revoked. The State then mentioned that if Bisher cooperated on a matter not disclosed in the plea hearing record, the State would recommend two years, rather than

---

1. The Indictment charged Bisher as a prior and persistent offender under sections 558.016 and 557.036 RSMo 2000. However, the State explicitly advised the court at the plea hearing that it was not pursuing a prior and persistent status. The plea court informed Bisher "that is a pretty good deal."

three, on each of the felonies. Bisher indicated he was confused. The court expressed concern about Bisher's confusion and stated that it wanted to "make sure [Bisher] underst[ood] what [was] going on." Thus, the court permitted Bisher to speak with his counsel off the record. Bisher then said he understood this agreement and that he was to return for sentencing on June 23, 2003, to allow him time to cooperate, so the State would make the reduced sentencing recommendation. The court then asked Bisher, "Any other promises made to you in this matter?" Bisher replied, "Other than the two years, no. No." The court accepted Bisher's guilty plea and set sentencing for June 23, 2003, which was subsequently continued to July 21, 2003, because defense counsel was unable to be present.

At the July 21, 2003 sentencing hearing, the plea court reiterated the above reasons for the delayed sentencing. Defense counsel advised the court, "the understanding was a two-year sentence and time—credit for what he has got on that sentence." The State then recommended that Bisher receive a two-year sentence on each of the felonies and six months in the county jail for driving while suspended, "[a]ll said sentences to run concurrently with each other and any previously imposed sentence." Bisher confirmed his understanding of the State's recommendation, and the court pronounced Bisher's sentence. At the conclusion of the sentencing hearing, the court noted that Bisher was to "have credit for time served." This credit is also reflected in the court's docket sheet. Bisher was delivered to the Department of Corrections on July 23, 2003.

Bisher subsequently filed a timely *pro se* Rule 24.035 motion to vacate, set aside or correct his conviction and sentence. Bisher claimed that part of his plea agreement with the State was that he would receive credit for the time he had served since his parole was revoked—November 15, 2002, through June 2, 2003. Bisher alleged that without the credit, he would not have pled guilty. Bisher's court-appointed post-conviction counsel timely filed an amended Rule 24.035 motion raising this same allegation. The motion indicated Bisher would prove his claim through evidence that included the testimony of an officer that was present when Bisher negotiated his plea agreement with the State. A month later, the motion court denied Bisher's Rule 24.035 motion without an evidentiary hearing. This appeal follows.

## Discussion

■ In his sole point on appeal, Bisher claims the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing.

■ Our review of Bisher's Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). We will find the motion court's findings and conclusions clearly erroneous if, after reviewing the entire record, we definitely and firmly believe the motion court made a mistake. *Edwards v. State*, 954 S.W.2d 403, 406 (Mo.App. W.D. 1997).

■ To be entitled to an evidentiary hearing, Bisher must have alleged "facts, not conclusions," which if true would warrant relief; the record and files in the case must not refute these allegations; and Bisher must have been prejudiced by the matters complained of. *Weston v. State*, 2 S.W.3d 111, 114 (Mo.App. W.D.1999). In his point relied on, Bisher claims he met this burden of pleading unrefuted factual allegations and is therefore entitled to an evidentiary hearing on his claim because he alleged that:

A) he pled guilty in reliance on a plea agreement that promised him, in part, that he would receive credit towards the service of his sentence the time he served awaiting disposition of the charge in the underlying criminal case, and

B) if he had known that the State, via the Department of Corrections, would not later honor that agreement, then he would not have pled guilty but would have instead taken his case to trial.

The motion court denied Bisher's Rule 24.035 motion without an evidentiary hearing after concluding in relevant part:

[Bisher] ... [claims] there was a plea bargain as to him receiving credit. While the plea hearing was less than crystal clear as to the exact agreement, jail time credit was not mentioned once during the plea. Other than the length of sentence to be imposed by the Court, [Bisher] agreed that there were no other promises made as part of the plea bargain. As such the record refutes any claim that there was an agreement regarding jail time credit or that [Bisher's] plea relied on that agreement.

The State argues the motion court's conclusion that the record refutes Bisher's claim is not clearly erroneous. The State claims that Bisher's "own testimony at the plea hearing and his plea petition refutes his allegation that the plea bargain included a promise that [Bisher] would receive credit for the time he had served in prison, prior to the disposition of the charges to which he pleaded guilty." The State also insists that it never stated the plea agreement included credit for time served.

As stated by the motion court, the record of Bisher's plea hearing is "less than crystal clear." What is clear is the confusion surrounding Bisher's "cooperation" and the State's resulting sentencing recommendation. Sensing this confusion, the plea court allowed Bisher to discuss the matter with his counsel off the record. Although Bisher then acknowledged that "other than the two years" no promises had been made to him, we do not feel that under the circumstances of this case, the motion court and the State's hyper-technical focus on Bisher's testimony at the plea hearing and his plea petition *refutes* his claim raised in his Rule 24.035 motion.

At the plea hearing, the court explicitly questioned Bisher concerning his "Petition to Enter Plea of Guilty." Bisher pointed out to the court that "[o]n the second-from-the-last page where the scratching's on it, someone initialed that. I didn't do that." The section to which Bisher was referring is where he was to indicate his understanding of the plea agreement reached with the State. It appears that Bisher's counsel had scratched something out and then wrote "2—6 mo 2 CC." Bisher's counsel informed the court "I did that. I did the whole thing," and a discussion was had off the record. As previously noted, this was not the only time the court had to allow Bisher time with counsel in an attempt to alleviate Bisher's confusion. Eventually, the court did accept Bisher's plea.

The plea court continued sentencing in order to allow Bisher's cooperation with the State to occur. This cooperation was the basis of the State's indication during the plea hearing of the "possibility" that it would recommend two rather than three years on each of the felonies. At the sentencing hearing held almost two months after the plea, Bisher's counsel and the sentencing court explicitly noted on the record the understanding that Bisher was to receive credit for time served. The State recommended the two-year, concurrent sentences on the felonies and never objected that the credit was not a part of its plea agreement with Bisher. Instead, the State claims in its brief on appeal that

"[i]n light of the timing of the court's comments and order, the court's statements do not support [Bisher]'s claim that this plea bargain included a promise that he would receive credit for any time he had served prior to his guilty plea."

We disagree with the State's focus on the less-than-clear record of the plea hearing. In this case, we do not think it is proper to overlook the sentencing proceedings, which had to be continued to allow for the plea agreement to be carried out, i.e. to allow Bisher to cooperate for the State's reduced sentencing recommendation. When sentencing did finally occur, Defense counsel and the sentencing court, which had accepted Bisher's plea, explicitly noted Bisher's credit for time served.

The issue is not whether the motion court actually had the ability, which it did not, to follow through on a promise of credit for time served. As explained in *Webster v. Purkett,* 110 S.W.3d 832, 836 (Mo.App. E.D.2003):

> A claim that a person is entitled to credit for time served under section 558.031 cannot be brought in a Rule 24.035 motion. *Murphy [v. State],* 873 S.W.2d [231,] 232 [ (Mo. banc 1994) ]. But [a defendant's] claims regarding a plea agreement and voluntariness of his pleas although related to are different from a claim of whether [a defendant] is entitled to the jail-time credit under section 558.031. Claims regarding the plea agreement and voluntariness of his plea are cognizable in a Rule 24.035 motion.

But Bisher's claim is not that he is entitled to credit for time served. Rather, Bisher claims that he was entitled to an evidentiary hearing on his allegation that his plea was involuntary due to his mistaken belief that he would be credited with time served. Bisher alleged facts, which if true would warrant relief. We cannot say that when reviewed in its entirety, the record in this case refutes Bisher's claim that he would not have pled guilty but for the agreement that he would receive credit for time served. Thus, Bisher was entitled to an evidentiary hearing to determine the existence of an alleged promise and representation regarding credit for the time he served and any effect it may have had on the voluntariness of his plea.

## Conclusion

The motion court's judgment denying Bisher's Rule 24.035 motion is reversed and the cause is remanded for an evidentiary hearing.

EDWIN H. SMITH, C.J., and NEWTON, J., concur.