his Rule 24.035 [1] motion for post-conviction relief without an evidentiary hearing. Movant raises two points on appeal. In his first point, Movant claims that the motion court erred in denying his post-conviction claim that his plea counsel was ineffective for misadvising him about the length of the sentence and parole eligibility. Second, Movant claims that his counsel's attempt to persuade him to enter a guilty plea resulted in Movant and counsel having conflicting interests concerning Movant's case. Movant argues that had his counsel provided effective assistance, he would have refused to plead guilty and would have insisted on going to trial. We find no error and affirm.

No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. The parties have been furnished with a memorandum opinion for their information only, which sets forth the facts and reasons for this order. ·

We affirm the judgment pursuant to Rule 84.16(b).

Robin BAKER, Respondent,

v.

David BAKER, Appellant.

No. ED 85412.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 14, 2006.

Daniel P. Card, Jefferson City, Michael C. Todt, St. Charles, MO, for appellant.

Michael A. Gross, Joseph F. Yeckel St. Louis, MO, for respondent.

Before KATHIANNE KNAUP CRANE, P.J., LAWRENCE E. MOONEY and BOOKER T. SHAW, JJ.

### ORDER

PER CURIAM.

The father, David J. Baker, appeals the judgment of the Circuit Court of Jefferson County denying his motion to modify child support and physical custody of the minor child of his marriage to Robin Baker (now Robin Magana), the mother. We have reviewed the parties' briefs and the record on appeal and find no error.

An opinion would have no precedential value. The parties have been provided with a memorandum, for their information only, setting forth the reasons for this decision.

The trial court's judgment is affirmed. Rule 84.16(b)(5).

Samuel BARKER, Appellant,

v.

Larry ROWLEY, Respondent.

No. ED 87210.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 14, 2006.

Samuel Barker, Maryville, MO, pro se.

---

1. All rule references are to Mo. Rules Crim. P.2004, unless otherwise indicated.

Jeremiah Nixon, Atty. Gen., Attorney General Office, Jefferson City, MO, for respondent.

GLENN A. NORTON, C.J.

Samuel Barker appeals from a judgment denying his petition for writ of habeas corpus. The appeal is dismissed.

If this Court lacks jurisdiction to entertain an appeal, then it should be dismissed. *Buff v. Roper*, 155 S.W.3d 811, 812 (Mo. App. E.D.2005). Appellant seeks to appeal from the circuit court's judgment denying his petition for writ of habeas corpus. An appeal does not lie from the denial of a petition for habeas corpus. *Blackmon v. Missouri Board of Probation and Parole*, 97 S.W.3d 458 (Mo. banc 2003). A petitioner's remedy where a petition for writ of habeas corpus is denied is to file a new writ petition in a higher court. *Webster v. Purkett*, 110 S.W.3d 832, 837 (Mo.App. E.D.2003). We issued an order directing Appellant to show cause why his appeal should not be dismissed. Appellant has failed to file a response.

The appeal is dismissed for lack of an appealable judgment.

KATHIANNE KNAUP CRANE, J., and BOOKER T. SHAW, J., concur.

**Samuel BARKER, Appellant,**

v.

**Larry ROWLEY, Respondent.**

No. ED 87384.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 14, 2006.

Samuel Barker, Maryville, MO, pro se.

Andrew Hassell, Attorney General Office, Jefferson City, MO, for respondent.

GLENN A. NORTON, C.J.

Samuel Barker appeals from a judgment denying his petition for writ of habeas corpus. The appeal is dismissed.

If this Court lacks jurisdiction to entertain an appeal, then it should be dismissed. *Buff v. Roper*, 155 S.W.3d 811, 812 (Mo. App. E.D.2005). Appellant seeks to appeal from the circuit court's judgment denying his petition for writ of habeas corpus. An appeal does not lie from the denial of a petition for habeas corpus. *Blackmon v. Missouri Board of Probation and Parole*, 97 S.W.3d 458 (Mo. banc 2003). A petitioner's remedy where a petition for writ of habeas corpus is denied is to file a new writ petition in a higher court. *Webster v. Purkett*, 110 S.W.3d 832, 837 (Mo.App. E.D.2003). We issued an order directing Appellant to show cause why his appeal should not be dismissed. Appellant has failed to file a response.

The appeal is dismissed for lack of an appealable judgment.

KATHIANNE KNAUP CRANE and BOOKER T. SHAW, JJ., concur.