Corey J. STATES, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 99329.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 19, 2013.

Maleaner Harvey, Assistant Public Defender, Office of the Missouri Public Defender, St. Louis, MO, for appellant.

Chris Koster, Attorney General, Karen L. Kramer, Assistant Attorney General, Jefferson City, MO, for respondent.

KURT S. ODENWALD, Judge.

*Introduction*

Corey States ("Movant") appeals from the judgment of the motion court denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Pursuant to a plea agreement with the State of Missouri ("State"), Movant pleaded guilty to two counts of second degree assault of a law enforcement officer and one count of resisting arrest. On appeal, Movant argues that the motion court clearly erred in denying his motion for post-conviction relief without an evidentiary hearing because his factual allegations of ineffective assistance of counsel were not refuted by the record. Specifically, Movant asserts that his plea counsel was ineffective for assuring him that he would receive credit on his sentence for the 346 days of jail time served while awaiting the disposition of his case, when in fact Movant received no credit for his time in jail awaiting disposition. Movant has pleaded facts not refuted by the record which, if proven true, would merit relief. Accordingly, Movant was entitled to receive an evidentiary hearing on his motion for post-conviction relief. For that reason, we reverse the judgment of the motion court and remand for an evidentiary hearing on Movant's claim of ineffective assistance of his plea counsel.

*Factual and Procedural Background*

On September 26, 2011, Movant entered a guilty plea to two counts of assault of a law enforcement officer (Counts I and II) and one count of resisting arrest (Count III). On the same day, Movant was sen-

tenced to a term of four years in the Missouri Department of Corrections on each of Counts I and II and three years on Count III, all to run concurrently with each other. The court's sentence was consistent with the State's recommendation pursuant to a plea agreement with Movant.

On March 9, 2012, Movant timely filed a *pro se* motion for post-conviction relief under Rule 24.305. Appointed counsel filed an amended motion and request for an evidentiary hearing on July 16, 2012. In the amended motion, Movant alleged his plea counsel was ineffective for advising him that he would receive credit for time served awaiting the disposition of his case if he pleaded guilty. Movant asserted that had he known he would not receive jail-time credit for the 346 days he had already served, he would not have pleaded guilty and would have insisted on taking his case to trial. The motion indicated that Movant would rely on his own testimony and the testimony of plea counsel to prove his allegations.

On October 19, 2012, the motion court issued its Findings of Fact, Conclusions of Law, Order and Judgment denying Movant's motion for post-conviction relief without an evidentiary hearing. The motion court reviewed the transcript of Movant's plea and sentencing hearing and found that Movant affirmed under oath that he was satisfied with the services of his lawyer and that no one had made him any promises to induce him to plead guilty. The motion court concluded that State's claim of ineffective assistance of plea counsel was refuted by the record. The motion court further noted that Movant's claim was not cognizable in a Rule 24.035 motion because his allegation of ineffective assistance of counsel was actually a request to have the Court order credit to his sentence. This appeal follows.

## Point on Appeal

Movant's only point on appeal asserts that the motion court erred in denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing because Movant alleged facts not refuted by the record, which if true, entitle him to relief. The sole basis of Movant's claim is that his plea counsel mistakenly advised him that he would receive credit for the 346 days he had already served in jail while awaiting the disposition of his case if he accepted the plea agreement offered by the State and pleaded guilty.

## Standard of Review

We review a motion court's denial of a Rule 24.035 motion to determine only whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035; *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989). The motion court's findings and conclusions are presumptively correct and will be overturned only when this Court is left with a "definite and firm impression that a mistake has been made" after reviewing the entire record. *Vaca v. State,* 314 S.W.3d 331, 334 (Mo. banc 2010).

## Discussion

We first address the motion court's finding that Movant's claim is not cognizable under Rule 24.035. In its findings of facts, the motion court mistakenly treated Movant's motion as a request to have the Court order time credited to his sentence, which is not a cognizable claim under Rule 24.035. We agree that a claim seeking credit for time served is not cognizable in a post-conviction motion. *Murphy v. State,* 873 S.W.2d 231, 232 (Mo. banc 1994). Such claim is properly presented through a petition for a writ of habeas corpus. Here, however, Movant does not seek credit for any jail time served, but asserts that his counsel's mistaken advice that he

would receive time-served credit of almost one year on a four-year sentence rendered his plea involuntary. Movant seeks to have his entire sentence set aside. Missouri courts recognize this type of claim under Rule 24.035. *Geitz v. State,* 87 S.W.3d 350, 352 (Mo.App. E.D.2002); *Bisher v. State,* 157 S.W.3d 405, 409 (Mo. App. W.D.2005). Given these facts, Movant appropriately seeks relief through Rule 24.035.

■ To be entitled to an evidentiary hearing on his Rule 24.035 motion, Movant must show that (1) he alleged facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the files and record of his case; and (3) the matters complained of resulted in prejudice to him. *Wilkes v. State,* 82 S.W.3d 925, 928 (Mo. banc 2002). Movant may be denied an evidentiary hearing only if the record conclusively shows that he is not entitled to relief. *Roberts v. State,* 276 S.W.3d 833, 835 (Mo. banc 2009).

■ Moreover, because Movant requested an evidentiary hearing on a claim of ineffective assistance of counsel, he must allege facts, not refuted by the record, that (1) counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and (2) he was thereby prejudiced. *Webb v. State,* 334 S.W.3d 126, 128 (Mo. banc 2011). To show prejudice in a case wherein the movant pleaded guilty, a movant must prove that, but for the errors of counsel, he would not have pleaded guilty and would have demanded trial. *State v. Roll,* 942 S.W.2d 370, 375 (Mo. banc 1997). "If conviction results from a guilty plea, any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made." *Id.*

■ Movant's motion for post-conviction relief focuses exclusively on whether Movant voluntarily and knowingly entered his guilty plea in light of the mistaken information he received from counsel regarding credit for the jail time served by Movant prior to entering the plea. The State contends that Movant's claim that his plea was not voluntary is refuted by the record of his plea and sentencing hearing, thereby negating the requirement of an evidentiary hearing. We disagree.

At the hearing, the prosecutor provided the details of the plea agreement as follows:

> In exchange for the defendant's pleas of guilty, the State is recommending that the Court sentence the defendant to serve four years in the Missouri Department of Corrections as to Counts 1 and 2, and a concurrent term of three years as to Count 3, all sentences to run concurrently. In addition, in exchange for the defendant's plea of guilty, the State will not be seeking drug charges against the defendant for drugs that were found on the defendant's person at the time of these offenses.

The court then asked Movant, "is that your understanding of what the State was going to recommend if you pled guilty here today?" Movant responded, "Yes." The court also asked Movant "has anyone made any threats or promises to induce you to plead guilty here today?" To this inquiry, Movant responded, "No. No, your Honor."

The State posits that this exchange between Movant and the plea court shows Movant understood and agreed to the terms of the plea agreement, which did not include credit for any jail time served by Movant. The State further contends that even if plea counsel gave Movant erroneous advice, the plea court's examination cured any defects in Movant's understanding of his plea, and therefore any continued belief in credit for time served was not reasonable. We are not persuaded.

We recognize that the plea agreement presented to the court and accepted by Movant contains no promise or assurance of Movant receiving credit for time served. In fact, a review of the plea transcript reveals no reference at all to the issue of credit for time served. However, this absence does not conclusively refute Movant's claim that he was advised and assured by his plea counsel that he would receive credit of 346 days for time served. Nor does Movant's express acknowledgment that he was not promised anything to plead guilty refute his claim of ineffective assistance of counsel.

Here, the record shows that Movant pleaded guilty to a plea agreement imposing sentences of four years and three years, to run concurrent for a maximum four-year sentence. The fact that Movant understood the number of years recommended in the plea agreement and testified that he was not promised anything to plead guilty does not automatically refute his claim that he was misadvised by his plea counsel, and that he would not have entered a plea of guilty but for the mistaken advice. Advising Movant as to how a sentence will be calculated in relation to jail-time credits does not necessarily equate to a promise. As the Missouri Supreme Court recently cautioned, "An attorney's advice is not the same as a promise—a defendant can say correctly that he was promised nothing, but this does not mean he was given correct advice as to the effects of his plea." *Webb,* 334 S.W.3d at 130. We see little difference between the issue addressed in *Webb* and that presented in this appeal. In *Webb,* the attorney's advice to the defendant related to the amount of time the defendant would have to serve on his twelve-year sentence. Here, Movant's claim relates to his counsel's advice on how much time he will have to serve on a four-year sentence. While the sentence calculation in *Webb* was premised upon whether the statutory mandatory minimum percentage of 85% applied to Webb's sentence, and Movant's sentence calculation was based upon jail-time credit, we consider this distinction inconsequential to Movant's claim. Like *Webb,* Movant does not allege in his motion for post-conviction relief that he was promised a sentence other than what was stated in the plea agreement. Movant merely claims that his counsel mistakenly advised him as to how his four-year sentence would be calculated. Like *Webb,* Movant's claim is premised upon the mistaken advice of counsel, not a promise. As a result, Movant's testimony that he was not promised anything to plead guilty does not on its face refute Movant's claim that he entered into the plea agreement because of mistaken legal advice proffered from his counsel.

The motion court's finding that Movant' claim is refuted by the record is clearly erroneous. Because Movant's claim is not conclusively refuted by the record, Movant is entitled to an evidentiary hearing on his allegations regarding plea counsel's alleged advice regarding credit for jail-time served, and any effect such advice may have had on the voluntariness of Movant's plea. *See Bisher,* 157 S.W.3d at 409 (granting post-conviction movant an evidentiary hearing to determine the existence of an alleged representations regarding credit for time served).

### Conclusion

The motion court's judgment denying Movant's 24.035 motion is reversed and the cause is remanded for an evidentiary hearing.

MARY K. HOFF, P.J. and ANGELA T. QUIGLESS J., Concur.