**James MURRY and June Murry, Appellants**

v.

**Sharon MURRY (now Pudlo) and Dante Murry, Appellees.**

**No. 2013–CA–000337–ME.**

Court of Appeals of Kentucky.

Jan. 3, 2014.

803(6), since the Cabinet never proferred it as evidence.

Allen McKee Dodd, Richard I. Williams, Jr., Louisville, KY, for appellants.

Bonita K. Baker, Louisville, KY, for appellees.

Before COMBS, NICKELL, and STUMBO, Judges.

*OPINION*

COMBS, Judge:

James and June Murry (the Murrys), grandparents of three minor children,[1] appeal the December 18, 2012, order of the Jefferson Family Court that: denied their motion for contempt against the children's mother; denied the mother's motion to set aside the agreed order concerning the Murrys' visitation with the children; and denied each party's motion for fees and costs. After our review, we affirm in part and remand in part.

This action was initiated on August 11, 2011, when the Murrys filed a petition for grandparents' visitation rights against their son, Dante Murry (the children's father), and the children's mother, Sharon

---

1. The eldest child has likely reached the age of majority by now. We have not been provided with each child's date of birth.

Pudlo (Dante's former wife), pursuant to the provisions of Kentucky Revised Statute[s] (KRS) 405.021. Dante answered the petition, requesting the court to grant the Murrys visitation rights separate and apart from his parenting time. In her answer, Sharon did not oppose the Murrys' request for visitation with the children. On August 25, 2011, the court ordered the parties to participate in mediation.

On September 16, 2011, an agreed order was entered in court. The order provided that the children would be permitted overnight visitation with the Murrys 45 times per year. These visits were to be scheduled by Sharon and by the Murrys.

As tension concerning the children's well-being developed over time, animosity between Sharon and the Murrys escalated. On one occasion, police intervention became necessary. On September 24, 2012, Sharon filed a motion to set aside the agreed order that permitted visitation with the Murrys. She also requested that the Murrys not be permitted to supervise the children's visitation with their father, Dante, who exercised visitation with the children on alternating weekends during the school year and on alternating weeks during summer break.[2] The Murrys filed a motion for contempt against Sharon the following day. They alleged that Sharon had failed to abide by the court's order awarding them visitation. A period of discovery began, and each party moved for attorney's fees and costs.

The court conducted an evidentiary hearing on November 14, 2012. It heard evidence pertaining to the difficulties between Sharon and the Murrys. It also received the report of Sally Brenzel, a licensed clinical psychologist; the report was dated October 4, 2012. Brenzel had

prepared the report as well as a recommendation for a time-sharing schedule for the children pursuant to the court's request.

Although the court was not inclined to set aside the award of grandparent visitation, it did observe that the visits between the Murrys and the children were a source of continuing discord. After considering the testimony, the court concluded that the provisions for visitation originally established by the agreed order were not working. The court concluded that the interests of the children would be better served through implementation of a fixed visitation schedule. The court ordered that the Murrys could exercise visitation with the children on alternating weekends throughout the year. These visits were to overlap Dante's time-sharing arrangement. By order entered on December 12, 2012, the court denied the motion to set aside the award of grandparent visitation; denied the motion for contempt; and denied the cross-motions for fees and costs. It additionally denied the Murrys' request for more specific findings of fact. Their motion to alter, amend, or vacate was also denied. This appeal followed.

On appeal, the Murrys contend that the court erred by modifying the terms of the original visitation order and that it abused its discretion both by refusing to cite Sharon for contempt and by refusing to award their attorney's fees. We address each of these contentions in the order in which it was presented.

In their first argument, the Murrys contend that the court's amended order scheduling grandparent visitation concurrently with Dante's parenting time deprives them of the independent visitation available to them under the agreed order entered in September 2011. They argue

2. Dante is disabled by mental illness; the Murrys manage his affairs.

that this modification was not requested by any party and could not have been granted under the provisions of Kentucky Rule[s] of Civil Procedure (CR) 60.02(f). They contend further that they were deprived of a meaningful opportunity to be heard and that no evidence relative to the children's best interests was properly presented to the court. As part of this argument, the Murrys contend that the family court erred by failing to make specific findings with respect to the need for a modification in visitation.

Sharon and Dante have a statutorily granted right to the care and custody of their children that is superior to any similar interest of the Murrys. *Moore v. Asente*, 110 S.W.3d 336 (Ky.2003). More importantly, they have a fundamental and constitutionally protected right to raise the children as they see fit. *Id.* Furthermore, despite entry of the agreed order, the Murrys were not entitled to exercise visitation with the minor children in the same manner or upon the same schedule forever without any possibility of modification.

Disputes arising in family law are subject to the court's continuing jurisdiction over children until they reach majority or emancipation; modifications in visitation and time-sharing arrangements often become necessary over time as children grow and circumstances change. The court's authority in this proceeding was not narrowly circumscribed. On the contrary, its right to adjudicate the parties' rights with respect to the children was sweeping, and it certainly had the authority necessary to order that a fixed visitation schedule be implemented by the parties. Thus, we cannot accept the Murrys' contention that the family court acted *ultra vires.*

Furthermore, having reviewed the proceedings, it appears that the Murrys were provided adequate notice concerning the nature of the hearing and a meaningful opportunity to be heard on the merits. The Murrys were fully aware that Sharon intended to challenge their continuing presence in the children's lives. In response, they presented evidence indicating that they had been involved with their grandchildren throughout their lives; that they had formed lasting bonds with them; and that the grandchildren would benefit from a continuing relationship with their grandparents. The Murrys were not denied their right to due process of law.

Next, the Murrys contend that the family court erred by permitting the introduction of psychologist Brenzel's report. However, there is no indication that the family court relied upon the report in reaching its decision. This report was properly prepared to assist the court in creating a viable parenting schedule for the children. The Murrys participated in the preparation of the report, and their place in the parents' timesharing schedule was specifically addressed within it. Nevertheless, the court did not refer to its contents when it determined that the Murrys' visitation should be merged with Dante's parenting time, and there was substantial evidence to support the court's decision. There is no reversible error on this point.

■ However, we do agree with the Murrys with respect to the adequacy of the court's findings of fact. The provisions of CR 52.01 require the family court to engage in a good faith effort at fact-finding and to include those facts in a written order. *See Anderson v. Johnson*, 350 S.W.3d 453 (Ky.2011). Sharon contends that specific findings of fact and separate conclusions of law are not necessary where the court merely modifies an existing visitation order. We disagree. The Supreme Court of Kentucky has emphasized that matters affecting the welfare of children are among the most important undertaken

by our courts. Consequently, it has written that "it is imperative that the trial courts make the requisite findings of fact and conclusions of law to support their orders." *Keifer v. Keifer*, 354 S.W.3d 123, 125–26 (Ky.2011).

Our ability to conduct a proper and effective review of a family court's conclusions is dependent upon our understanding of the facts upon which it relied. We must be fully aware of the facts upon which the court's conclusions of law rely. In this case, the family court found that the visitation provision of the agreed order had not been working and that it "presents more problems than it resolves." This finding falls short of the requirement that the necessary facts be found specifically. Under the circumstances, we are compelled to remand this case for entry of additional findings in support of the court's order.

■ Next, the Murrys contend that the family court abused its discretion both by refusing to cite Sharon for contempt and by refusing to award their attorney's fees. We disagree.

The Murrys assert that Sharon was acting in contempt of the court's order when she failed to permit them to visit the children on pre-arranged dates between mid-September and the end of the year 2012. They argue that Sharon's decision to deny the visitation was made in bad faith and is punishable as contempt.

■ Our courts have inherent power to punish individuals for their willful disobedience of the court's orders. *Newsome v. Commonwealth*, 35 S.W.3d 836 (Ky.App. 2001). When a court exercises its contempt powers, it does so with nearly unfettered discretion. Following its hearing in the matter, the court was not persuaded that Sharon had willfully withheld visitation in violation of the agreed order; thus, it declined to hold her in contempt. The court acted wholly within its discretion in making this determination. Consequently, there are no grounds for reversal on this basis.

■ Finally, the Murrys contend that the family court abused its discretion by failing to properly address their request for attorney's fees. They allege that the court erred in concluding that it could not award fees since the parties failed to present evidence of their financial resources— and that fees could not otherwise be awarded as a sanction.

Since the family court declined to find Sharon in contempt, it did not err by refusing to sanction her on that basis. And the record reveals that the parties do appear to have presented evidenced of their financial resources. However, the record does not indicate upon what other basis the Murrys sought an award of costs or fees. The provisions of KRS 403.220 permit an award of costs and attorney's fees incurred in maintaining or defending a proceeding conducted pursuant to the provisions of KRS Chapter 403. But this proceeding was not conducted under that chapter. Instead, this proceeding was conducted under the provisions of KRS Chapter 405. There is no similar cost and fee shifting provision contained in Chapter 405. Consequently, the family court did not err by refusing to award to the Murrys the costs and fees they sought.

The order of the Jefferson Family Court is affirmed in part and remanded for entry of additional findings in support of its order concerning visitation.

ALL CONCUR.