

# In the Missouri Court of Appeals
# Eastern District

DIVISION ONE

WESLEY E. MARKS,               )       No. ED106973

                            )

     Appellant,            )       Appeal from the Circuit Court

                            )       of the City of St. Louis

vs.                         )

                            )       Hon. Steven R. Ohmer

STATE OF MISSOURI,        )

                            )       Filed:

     Respondent.         )       August 27, 2019

Wesley Marks ("Movant") appeals from the judgment denying his Rule 24.035 motion without an evidentiary hearing. We remand for dismissal.

Movant pled guilty to robbery in the first degree and armed criminal action ("ACA") on April 23, 2014, after his jury trial ended in a mistrial. He was sentenced to ten years imprisonment on the robbery and to three years imprisonment on the ACA, to be served concurrently. Execution of the ten-year sentence was suspended, and Movant was placed on five years of probation for the robbery conviction. The court also ordered "[j]ail time credit allowed." On April 28, 2014, he was delivered to the Department of Corrections ("DOC") to serve the three-year sentence for the ACA conviction. Movant was released in December of 2015, but remained on probation for the robbery conviction. That probation was revoked in April of 2016, and he was delivered to the DOC on May 4, 2016 to begin serving his ten-year sentence on the robbery. Movant did not file a direct appeal.

On August 25, 2016, Movant filed a pro se motion seeking to vacate both the robbery and the ACA convictions. Therein, he stated that he was "trying to get my jail time and my probation credit" for all the time he was "locked up for either the ACA or the robbery" or on probation. Counsel was appointed and filed an amended motion asserting that plea counsel was ineffective for assuring Movant he would receive credit for all the time he served on the ACA if his probation on the robbery was ever revoked and the ten-year sentence executed. Movant alleged that the DOC refused to give him the credit for time served the sentencing court had ordered. Movant alleged that had he known he would *not* get that credit for the time he served in prison on the ACA, then he would not have pled guilty. Movant sought to have his entire sentence on both convictions vacated.

The motion court found that the pro se and amended motions were timely, but denied the claim without an evidentiary hearing, concluding that Movant failed to allege facts which, if true, would entitle him to relief and that the transcripts refuted his allegations. On appeal, Movant asserts that the motion court clearly erred because the record did not refute his allegations of fact regarding his mistaken belief about credit for time served, which he contends is a cognizable Rule 24. 035 claim.[1] The State agrees the motion court erred, but only as to its finding that the pro se and amended motions were timely filed.

As the State correctly argues, Movant's Rule 24.035 motion was due within 180 days of his initial delivery to the DOC to serve part of his sentence (the three-year term on the ACA), not 180 days from his second delivery to serve another part of his sentence (the ten-year term on the

---

[1] We note that a claim seeking credit for time served, which is how the claim was cast in Movant's pro se motion, is not cognizable under Rule 24.035. *See States v. State*, 413 S.W.3d 704, 706–07 (Mo. App. E.D. 2013). But as recast by counsel in the amended motion, Movant's claim that he would not have pled guilty but for plea counsel's mistaken assurance about the time-served credit he would receive is cognizable under Rule 24.035. *See id*.

2

robbery after probation was revoked). *Swallow v. State*, 398 S.W.3d 1, 4-6 (Mo. banc 2013); *see also* Rule 24.035(b) (2016).[2] In *Swallow*, the Court held that at the time of the initial delivery to the DOC on one of multiple convictions and sentences in the same judgment, Rule 24.035 requires a movant "to file a motion within 180 days that raise[s] all of his known challenges to the judgment against him, which encompassed both convictions and both sentences that were imposed, whether executed or not." 398 S.W.3d at 5.

Here, no motion was filed within 180 days of Movant's initial delivery. "Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035." Rule 24.035(b). Because of this procedural default, relief via Rule 24.035 is unavailable to Movant.[3]

The motion court erred in finding that Movant's pro se and amended motions were timely filed. Because the pro se motion was untimely, "the motion court lacked the authority to address the merits" of the claim. *Langhans v. State*, 501 S.W.3d 535, 540 (Mo. App. E.D. 2016). The motion court is obligated under these circumstances to dismiss the amended motion. *See id.*

The motion court's judgment denying the Rule 24.035 motion is vacated, and the case is remanded with directions to dismiss the motion.

ROBERT G. DOWD, JR., Judge

Robert M. Clayton III, P.J. and
Roy L. Richter, J., concur.

---

[2] All rule references are to the Missouri Court Rules (2016).
[3] Movant may be able to pursue habeas corpus relief in a proceeding under Rule 91 if, among other things, he can demonstrate that his claim was not known to him in time to include it in a post-conviction motion. *See generally, e.g., Brown v. State,* 66 S.W.3d 721, 726 (Mo. banc 2002).

3