RENDERED:  SEPTEMBER 18, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-000972-MR

HANNAH DAY (NOW ARMES)                                        APPELLANT

v.           APPEAL FROM LAUREL FAMILY COURT
             HONORABLE STEPHEN M. JONES, JUDGE
             ACTION NOS. 18-CI-00118 AND 18-CI-00201

CHRISTOPHER DAY                                                APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  ACREE, KRAMER, AND TAYLOR, JUDGES.

ACREE, JUDGE:  Hannah Day appeals the Laurel Family Court's April 11, 2019

order allocating marital property between herself and her now ex-husband,

Christopher Day.  Because the order lacked adequate written findings of fact, we

vacate the order and remand for further proceedings consistent with this opinion.

## BACKGROUND

After two years of marriage, Hannah and Christopher filed separate petitions for dissolution. The cases were consolidated.

The parties had no children. And they had as much marital property as might be expected of a short-duration marriage. The family court entered a decree of divorce on December 21, 2018, but reserved ruling on property issues "for a separate hearing . . . ." Thereafter, until an order was entered dividing marital property and debt on April 11, 2019, the parties chose to proceed *pro se*.

The family court held Hannah solely responsible for: (1) an $8,000 undefined debt; (2) a $7,000 debt from the L&N Federal Credit Union; (3) half of another undefined debt of $2,000; (4) a credit card debt of $3,400; and (5) a $10,927.44 debt from Constar Financial Services. Christopher was responsible for the other half of the $2,000 debt only.

The family court divided Hannah's 401K plan by determining that it totaled exactly $30,000, and that exactly $10,000 of that amount was marital property she was obligated to share equally with Christopher.

The family court identified personal property ("tools . . . personal paper . . . collectibles, furniture and appliances") with a value of $7,500. Without determining whether this personal property was marital or non-marital, all of it was awarded to Christopher.

After the family court issued this order, Hannah retained an attorney who filed a motion to alter, amend, or vacate it. The family court denied the motion and this appeal followed. Christopher failed to file an appellee brief.

## ANALYSIS

We begin by noting that Hannah's brief fails to comply with CR[1] 76.12(4)(c)(v). She failed to include within the argument portion of her brief "ample supportive references to the record and citations of authority pertinent to each issue of law . . . ." CR 76.12(4)(c)(v). In fact, the entire brief is devoid of all citation to the record. Nor does she say how she preserved an argument that the family court's allocations and awards were erroneous or an abuse of discretion. That is, this Court cannot tell if she presented any evidence to support her claims of error or abuse. Complying with the requirements of CR 76.12 would have solved that failing.

> Compliance with this rule permits a meaningful and efficient review by directing the reviewing court to the most important aspects of the appeal: what facts are important and where they can be found in the record; what legal reasoning supports the argument and where it can be found in jurisprudence; and where in the record the preceding court had an opportunity to correct its own error before the reviewing court considers the error itself.

---

[1] Kentucky Rules of Civil Procedure.

*Hallis v. Hallis*, 328 S.W.3d 694, 696-97 (Ky. App. 2010). It is not this Court's responsibility to comb the record to find support for an appellant's contentions. *Smith v. Smith*, 235 S.W.3d 1, 5 (Ky. App. 2006); *see also* CR 76.12(4)(d)(iii) and (iv) (for similar requirements of an appellee's brief).

We have three options for handling a noncompliant brief: (1) review the case despite the deficiency; (2) strike the brief or its deficient portions, CR 76.12(8)(a); or (3) conduct a limited review for manifest injustice under *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990). *Hallis*, 328 S.W.3d at 696.

Sadly, failing to follow CR 76.12 has become nearly endemic among Kentucky appellate advocates. *Clark v. Workman*, ___ S.W.3d ___, No. 2019-CA-000805-ME, 2020 WL 3582597, at *1 (Ky. App. Jun. 26, 2020) (finality on August 11, 2020). In this case, the appellee, Christopher, also failed to comply with CR 76.12 in the most dramatic way – by failing to file any brief at all. As with a noncompliant appellant's brief, the rule provides a variety of sanctions when the appellee fails to file a brief at all.

> If the appellee's brief has not been filed within the time allowed, the court may: (i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

CR 76.12(8)(c). The Supreme Court established those rules. Of course, this Commonwealth has embraced a "doctrine of substantial compliance in the area of appellate practice[.]" *Ky. Farm Bur. Mut. Ins. Co. v. Conley*, 456 S.W.3d 814, 818 (Ky. 2015). Unlike a strict compliance rule, there are as many versions of substantial compliance as there are judges to measure it. By nearly any measure, both parties to this appeal have failed to substantially comply.

On the other hand, it is the responsibility of every jurist, from the district judge serving the smallest community to those on "the state high court" in Frankfort,[2] to fully follow the rules imposed upon them as written and interpreted in our jurisprudence. Doing so sets an example for the lawyers who practice in those tribunals. In this case, the family court has fallen short, too.

"The provisions of CR 52.01 require the family court to engage in a good faith effort at fact-finding and to include those facts in a written order." *Murry v. Murry*, 418 S.W.3d 432, 435 (Ky. App. 2014). In *Anderson v. Johnson*, the Kentucky Supreme Court explained:

> To review the judge's decision on appeal, it is important to know what facts the judge relied on in order to determine whether he has made a mistake of fact, or to even determine if he is right at law, but for the wrong facts. If a judge must choose between facts, it is clearly relevant which facts supported his opinion.

---

[2] The Kentucky Supreme Court itself uses this term. *Bell v. Commonwealth, Cabinet for Health and Family Services, Dept. for Community Based Services*, 423 S.W.3d 742, 747 (Ky. 2014).

350 S.W.3d 453, 455 (Ky. 2011).

In this case, the family court held a hearing to determine the allocation of marital property and debt but failed to make any factual findings to support its allocation. Furthermore, the implicit fact-finding of the dollar amounts of debt and assets is highly suspect because they, conveniently, are round, even-dollar sums, such as $8,000, $7,000, $30,000, $10,000, and even $3,400. Only the most extraordinary coincidences, verging on miracles, could explain such numbers.

Because the family court failed to comply with its obligation under CR 52.01, this Court cannot even conduct a review for manifest injustice – and that is all the appellant is entitled to here. Therefore, we vacate the family court's order and remand to allow the family court's compliance under the rule. This Court expects that, in any subsequent appeal, the parties' briefs will be proof of their commitment to future compliance with CR 76.12.

ALL CONCUR.

BRIEF FOR APPELLANT:                     NO BRIEF FOR APPELLEE

Alison M. Sparks
London, Kentucky